BARNETTE, Judge.
The defendants have appealed from a judgment against them in solido in the amount of $1,866.08, with interest at the rate of 1 percent per month from December 24, 1963, and 20 percent additional as attorney’s fees. This represents the amount alleged to be due in deficiency following the sale by executory process, with appraisement, of a certain Chevrolet automobile mortgaged by defendant Mrs. Carrie Montgomery as security for a loan of $2,900 on March 12, 1963. During the pendency of these proceedings, defendant Mrs. Willie Be Farries died and Mrs. Carrie Farries Montgomery (the codefendant), in her capacity as administrator of the succession of Mrs. Farries, was substituted as party defendant.
Plaintiff is a credit union operating under the laws of Louisiana and particularly LSA-R.S. 6:641 et seq. It made a loan to Mrs. Carrie Montgomery on March 12, 1963, in the principal sum of $2,900, for which a chattel mortgage note was given. This note was signed by Mrs. Montgomery as “maker” and by Mrs. Willie Be Farries as “comaker.”
A chattel mortgage was executed by Mrs. Carrie Montgomery at the same time, whereby she gave as security for the note a mortgage on a certain described Chevrolet automobile. The chattel mortgage was by private act and in addition to Mrs. Montgomery, who signed as mortgagor, it was signed by “Wm. W. Faciane,” assistant treasurer, for League Central Credit Union. Under the word “witnesses” appears the signatures of Frances Dubroc and Jean K. *916 Cohen. Mrs. Willie Be Farries did not sign the mortgage and was not a comort-gagor.
Thereafter, Faciane appeared before a notary public and acknowledged the execution of the mortgage on a printed form which states: “That he is one of the subscribing witnesses, or mortgagor or mortgagee in the above and foregoing Act of Chattel Mortgage and that the said Act of Chattel Mortgage was signed in the presence of affiant and the subscribing witnesses, and the parties thereto.” The acknowledgement is dated March 26, 1963, and the paraph of the note by the notary public is also dated March 26, 1963.
Defendants defaulted in payments after a total of $258.84 had been paid on the principal of the note. On November 27, 1963, plaintiff filed a petition for foreclosure via executiva. The automobile was appraised at $750 and sold at judicial sale by the sheriff on December 18, 1963, for $1,050, which, after deducting costs, resulted in a credit of $950.20. The amount herein sued for is the alleged deficiency.
Defendants have cited many authorities to the effect that executory process is a harsh remedy and that it must strictly follow the law; and that it will not lie where there is any variance between the note and the mortgage. Further, they contend that an action for a deficiency judgment will not be entertained when there is a fatal defect in the executory process. We are in thorough accord with the authorities cited, but there is no basis for the argument here. We find no variance between the note and chattel mortgage. The fact that the note was signed on March 12 and not paraphed for identification with the chattel mortgage, which bears the same date, until March 26, is of no consequence.
Defendants concede that exec-utory process will lie where the chattel mortgage is by. private act and duly acknowledged under LSA-R.S. 13:3720. General Motors Acceptance Corp. v. Anzelmo, 222 La. 1019, 64 So.2d 417 (1953). However, they contend that the acknowledgement was not by a witness, but by an agent of the mortgagee. They argue that Mr. Faciane was neither a “grantor” nor one of the “witnesses” and hence, acknowledgement by him is not authorized by the statute. We cannot agree that a valid distinction can be made between a witness who signs under the word “witnesses” and one who signs in the capacity of assistant treasurer for the mortgagee. If he is in fact a witness to the execution of the act, then the name under which he signs, if in some capacity other than “witness,” makes him no less a witness to the execution of the act by the grantor. The “grantor” (mortgagor) was Mrs. Carrie Montgomery, and all others who signed the act were witnesses to her signing of the act.
An analogy may be drawn between the situation before us and that in Thigpen v. Wall Printing Corp., 145 So. 714 (La.App. 2d Cir. 1933). In that case the Court said that where he has no personal interest, a notary taking an acknowledgement is not disqualified because he is an agent or attorney for one of the parties. If an agent may act as a notary to administer an oath and take an acknowledgement of a transaction between his principal and a third party, then surely he should be able to act as a witness under an oath administered by a notary to make an acknowledgement of such a transaction.
The defendants contend that there was an irregularity in the alleged appraisement, the result being that the appraisement was invalid. Therefore, they argue, the sale being without valid appraisement, the plaintiff waived the right to pursue a deficiency judgment.
A timely notice by domiciliary service was given to Mrs. Montgomery of her right to appoint an appraiser. She made no appointment and the sheriff appointed for her, R. G. Heller. A. Talley was appointed for the plaintiff. A page from the sheriff’s appraisement record book under date of *917 December 18, 1963, contains the number and title of the case, a newspaper clipping of the advertisement, and the following pertinent entries:
“WE, THE UNDERSIGNED, appointed as follows to wit:
A. Talley — For Pltf.
R. G. Heller — For Defendant
appraise the property described in the printed extract hereon. [Then follows the newspaper clipping.] And after having been duly sworn, as aforesaid, have appraised the same. Seven Hundred Fifty Dollars ($750.00)
[Signed] A. Talley
R. G. Heller.”
The defendants contend that the identity of the person who administered the oath cannot be ascertained. A deputy sheriff, however, testified that the appraisement had actually been made as indicated by the record. He had no positive recollection of the oath having been administered. The sheriff’s official record indicates a compliance with the essential requisites of the law. It affirms that the appraisers were appointed and “duly sworn.”
A prima facie presumption of correctness is given to public records, and the burden of proof is upon the person attacking the record to prove otherwise. Casso v. Ascension Realty Co., 195 La. 1, 196 So. 1, 130 A.L.R. 636 (1940); Dugas v. Talley, 109 So.2d 300 (La.App. 1st Cir. 1959). The defendants herein have offered no such proof, and we must accept the sheriff’s record as correct.
We must therefore reject all issues of irregularity or invalidity raised by defendants and hold that the plaintiff is entitled to the deficiency judgment prayed for.
For these reasons the judgment appealed from is affirmed at defendants-appellants’ cost.
Affirmed.