YARRUT, Justice.
 

 This court granted certiorari to review a judgment of the Court of Appeal which
 
 *974
 
 affirmed the district court’s decree granting a deficiency judgment to plaintiff-respondent. See 198 So.2d 914. Defendant-relator contends that the executory process was fatally defective sp as to preclude a deficiency judgment.
 

 The League Central Credit Union instituted this suit against Mrs. Carrie Montgomery and Mrs. Willie Be Farries to recover $1866.08, plus interest of one per cent per month from December 24, 1963, and an additional 20 per cent of the original unpaid balance as attorney’s fees. These items represent the amount due following a sale by executory process against a Chevrolet automobile, mortgaged by defendant, Mrs. Montgomery, as security for a loan.
 

 Pending these proceedings Mrs. Farries died, and Mrs. Montgomery was substituted as administratrix of the succession of her deceased codefendant.
 

 Plaintiff made the loan to Mrs. Carrie Montgomery on March 12, 1963, in the principal sum of $2900.00, for which a note was given, signed by Mrs. Montgomery as maker and by the late Mrs. Farries as comaker. On the same day Mrs. Montgomery executed a chattel mortgage on a Chevrolet automobile to secure the note. The chattel mortgage, by private act, was signed by Mrs. Montgomery as mortgagor; by William W. Faciane, assistant treasurer, for League Central Credit Union, and by Frances Dubroc and Jean K. Cohen as witnesses. The chattel mortgage was acknowledged by Faciane before a notary public on March 26, 1963, and the note duly paraphed. The acknowledgment reads as follows:
 

 “BEFORE ME, the undersigned authority, personally came and appeared
 
 Win. W. Faciane
 
 who, being by me first duly sworn, did depose and say:
 

 “That he is one of the subscribing witnesses, or mortgagor or mortgagee in the above and foregoing Act of Chattel Mortgage and that the said Act of Chattel Mortgage was signed in the presence of affiant and the subscribing witnesses, and the parties thereto.”
 

 On default of payments on the note, plaintiff foreclosed via executiva on November 27, 1963. The automobile, after appraisal, was sold at judicial sale by the sheriff on December 18, 1963, for $1050.00. After deduction of costs there remained a credit of $950.20. This suit is for a deficiency judgment for recovery of the balance, $1866.08.
 

 After trial on the merits judgment was rendered in favor of plaintiff, and the Court of Appeal, Fourth Circuit, affirmed. On application of the defendant, Mrs. Montgomery, a writ of certiorari was granted by this court.
 

 It is the contention of relator, Mrs. Montgomery, that the proceedings in this instance have violated the law governing deficiency judgments, Articles 2771 and 2772
 
 *976
 
 of the Code of Civil Procedure and R.S. 13:4106 — 4107, which provide that a creditor may obtain a judgment for any deficiency only when the property
 
 is
 
 sold under executory proceedings after an appraisal.
 

 Relator argues that acknowledgment of the act under private signature by the agent of the mortgagee was improper, that the authentic evidence submitted in order to invoke executory proceedings was therefore illegal, and that all steps taken subsequent to the issuance of the order for executory process were also null; citing Tapp v. Guaranty Finance Co. (La.App. 1st Cir. 1963), 158 So.2d 228, cert. den. 245 La. 640, 160 So.2d 228.
 

 In the Tapp case the plaintiff sought the annulment of a deficiency judgment because the note on which executory process was granted was not in authentic form. The Court of Appeal found that:
 

 “The executory proceeding was null on its face and the deficiency judgment rendered subsequently and grounded on the null executory proceeding, is likewise null. The Legislature in LSA-R.S. 13:4106 has expressed the strong public policy that deficiency judgments are prohibited except in cases where the sale has been made with legal appraisement. An illegal and null order for executory process cannot serve as the basis for a legal appraisal and sale * * 158 So.2d 232.
 

 However, the holding in the case of White Motor Co. v. Piggy Bak Cartage Corporation (La.App. 4th Cir. 1967), 202 So.2d 294, cert. den. La., 204 So.2d 574, is contrary. There the Court of Appeal held that the appellant was estopped from complaining of the insufficient authentic evidence in the executory proceedings in order to annul the deficiency judgment, and gave the following reasons:
 

 “But as a general rule, in the absence of fraud, ill practices, lack of notice or lack of jurisdiction, once the property is adjudicated and is in the hands of innocent third parties a mortgagor is estopped from complaining that the order' for executory process was signed without sufficient authentic evidence. * * *
 

 “Here the property has been adjudicated and is in the hands of an innocent third party. And we know of no compelling reason why the general rule just stated should not be applicable simply because, as here, the debtor is not seeking to annul the sale directly. An attack on the validity of an executory proceeding based on minor formal irregularities which results in the nullity of that proceeding inevitably must adversely affect the stability of all judicial sales made under' executory process. Nor do we consider it unreasonable to require that a mortgage debtor assert such defenses in the manner and at the time afforded to him, i. e., by appeal from the order of
 
 *978
 
 seizure and sale or by injunction proceeding filed prior to the sale, if the property which has been adjudicated is not in the possession of a person responsible for the irregularities. See 25 La.L.Rev. 894.” 202 So.2d 296.
 

 It should be noted that, in the Tapp case, the plaintiff took no action in the proceedings until an attempt was made to garnish his wages. The court reviewed the possibility of estoppel for failure to seek suspensive appeal or an injunction to stop the sale. It found that the plaintiff was entitled to bring the suit since the defendant was the party which instituted the executory proceedings and was responsible for the fatal defect.
 

 The issue of estoppel was raised in the present case only in oral argument before this court in response to questions from the bench.
 

 The decisions in these cases create a conflict in our jurisprudence. In the Tapp case (1964) this court in refusing writs stated that on the facts found the Court of Appeal was correct in allowing an annulment of the deficiency judgment. In September, 1967, this court granted a writ in the instant case, in which the Court of Appeal had allowed the deficiency judgment. Three months later, in December, 1967, this court, on the ground that the result reached by the Court of Appeal was correct, refused a writ in White Motor Co., in which the Court of Appeal had held that a deficiency judgment cannot be annulled in such instances.
 

 We are convinced that the reasoning in the Tapp case and the argument of relator in this suit should be followed rather than that of the White Motor Co. case. In the White Motor Co. case the court apparently lost sight of the fact that the seizure and sale were not under attack. A finding that a deficiency judgment will not be allowed if the proper procedure was not followed cannot affect the validity of the sale made under the executory proceedings.
 

 Furthermore, in the White Motor Co. case the court pointed out that it was unable to determine whether the property in the Tapp case was in the hands of a third person. The court said that it was in accord with the Tapp decision if the property was not in the hands of a third person. We cannot see what significance this should have, for the third person who has possession of the mortgaged property will not have his possession jeopardized by a refusal to allow the mortgagee a deficiency judgment.
 

 It is understandable that the defendant in such instances-should not be allowed to annul a sale made under executory proceedings unless he can show that he did not receive notice or that there was fraud on the part of the plaintiff. However, in the Tapp case, as in this suit, there was no ef
 
 *980
 
 fort to annul the executory proceedings, but only an attempt to defeat a completely different proceeding, to-wit, the enforcement of a deficiency .judgment.
 

 Our law stipulates the authentic evidence required in order to invoke executory proceedings. C.C.P. Art. 2635. The courts on numerous occasions have held that, without the proper authentic evidence, executory proceedings cannot be had. Miller, Lyon and Co. v. Cappel and Curry, 36 La.Ann. 264; Li Rocchi v. Keen, 242 La. 111, 134 So.2d 893. This follows the general principle set out in Article 12 of the Louisiana Civil Code:
 

 “Whatever is done in contravention of a prohibitory law, is void, although the nullity be not formally directed.”
 

 A creditor cannot obtain a deficiency judgment unless he has sold the property under executory proceedings after appraisal. C.C.P. Arts. ■ 2771-2772; R.S. 13 :4106-4107. It should follow that, if improper authentic evidence was filed so as to render the executory proceedings null, then any action based upon the executory proceedings is likewise null. It is realized that exceptions have been made to this rule when the debtor, with proper notice and an opportunity to do so, fails to act promptly and permits the property to be sold to an innocent third party. Even though a sale under such circumstances is a nullity, the courts have taken the position that the stranger to the proceedings should be afforded greatest protection. Nevertheless, the executory process is still null and should not be given effect by allowing a deficiency judgment based upon it. The relator here, the debtor, does not seek to annul the executory proceedings and regain the chattel, but is merely resisting a deficiency judgment by asserting the nullity of the executory process.
 

 The issue presented here is whether Mr. Facianc, who signed for the mortgagee, could validly acknowledge the chattel mortgage when it was by private signature. If he could not, then the evidence presented in support of the executory proceedings was not authentic in form, and the ruling of Tapp must be applied.
 

 It is urged by relator that acknowledgment of the chattel mortgage in this manner is contrary to R.S. 13 :3720, which provides :
 

 “Any deed, counter letter, power of at torney, declaration, contract, or other instrument, under private signature, purporting to be attested by two or more witnesses and
 
 accompanied by an affidavit of the vendor or grantor
 
 that the same was signed or executed by him,
 
 or by an affidavit of one or more such witnesses,
 
 made at or after the signing and execution of such deed, counter letter, or other instrument, and setting forth substantially that the instrument was signed or executed by the party or parties there
 
 *982
 
 to in the presence of the affiant or affiants, shall be deemed, taken and accepted, prima facie, and without further proof, as being true and genuine, and shall be so received and accepted in evidence in the courts of Louisiana, without further proof.” (Emphasis added.)
 

 Relator argues that Mr. Faciane was neither the grantor nor a witness, and that his acknowledgment could not give authenticity to the instrument to make it prima facie true and genuine. The Court of Appeal rejected this argument and adopted the contention of the respondent, holding:
 

 “ * * * We cannot agree that a valid distinction can be made between a witness who signs under the word ‘witnesses’ and one who signs in the capacity of assistant treasurer for the mortgagee. If he is in fact a witness to the execution of the act, then the name under which he signs, if in some capacity other than ‘witness,’ makes him no less a witness to the execution of the act by the grantor. The ‘grantor’ (mortgagor) was Mrs. Carrie Montgomery, and all others who signed the act were witnesses to her signing of the act.” 198 So.2d 916.
 

 The Court of Appeal analogized the situation here to the facts in Thigpen v. Wall Printing Corporation (La.App. 2nd Cir. 1933), 145 So. 714. In the Thigpen case the person who signed as agent for the mortgagee was also the notary for the authentic act. It was contended that the act was not a notarial act because an agent of the mortgagee could not serve as notary. The court rejected this argument, pointing out the general rule that where one has no personal interest, he is not disqualified to act as notary because he is an agent for one of the parties.
 

 It is our view that the Court of Appeal in comparing this suit with the Thigpen case failed to recognize that a notary is an officer of the court and, as such, falls into a separate category from one merely acting as an attesting witness. The function of a notary in an authentic act, or an act under private signature duly acknowledged, and that of an attesting witness are in no way analogous.
 

 Respondent admitted in oral argument before this court that if Mr. Faciane could not acknowledge the act as a witness, then the act is not in authentic form. Mr. Faciane cannot be considered as an attesting witness under the definition of that term given by Wigmore, viz.:
 

 “Who is the attesting witness. The notion of an attesting or subscribing witness is that of a person who, at the request or with the consent of the maker, places his name on the document for the purpose of making thereby an implied or expressed statement that the document was then known by him to have been executed by the purporting maker.” 4 Wigmore on Evidence 1292, p. 584.
 

 
 *984
 
 In this case' Mr. Faciane certainly did not sign the chattel mortgage at the request, or with the consent, of the maker for the purpose of acknowledging that the instrument was executed by the maker. Instead, he signed the mortgage as agent for the mortgagee for the sole purpose of showing acceptance.
 

 The holding of the Court of Appeal is contrary to the general jurisprudence concerning the role of an attesting witness in the proof of documents. If the oath of the creditor seeking to enforce the document can serve to prove it so as to máke it prima facie genuine, the rules regarding attesting witnesses and acknowledgment are entirely superfluous. It is inconceivable that a mortgagee could authenticate the mortgage in order to make it prima facie proof against the mortgagor.
 

 For the foregoing reasons, we must conclude that since Mr. Faciane could not act as a witness, the act is not in authentic form and the deficiency judgment is null and void.
 

 Relator’s second assignment of error need not be discussed, in view of our decision that the judgment is null.
 

 Accordingly, the judgment of the Court of Appeal affirming the judgment of the district court is reversed and set aside, and plaintiff-respondent’s suit is dismissed at its costs.
 

 HAMITER, J., dissents.