404 So.2d 304 (1981)
CHRYSLER CREDIT CORPORATION, Plaintiff-Appellant,
v.
Glenn B. STOUT, Jr., Defendant-Appellee.
No. 8332.
Court of Appeal of Louisiana, Third Circuit.
September 11, 1981.
Collings & Collings, R. William Collings, Lake Charles, for plaintiff-appellant.
E. M. Nichols, Lake Charles, for defendant-appellee.
*305 Before FORET, SWIFT and DOUCET, JJ.
SWIFT, Judge.
Chrysler Credit Corporation (Chrysler) instituted this suit for a deficiency judgment against Glenn B. Stout, Jr. The plaintiff has perfected this appeal from a judgment in favor of the defendant dismissing its suit. We affirm.
The issues on appeal are whether the original petition for executory process sufficiently alleged that the obligation secured by the mortgage was in default and if not whether the absence of such allegation can be asserted as a defense to a subsequent action for a deficiency judgment.
Chrysler, as holder in due course of a note executed by the defendant secured by a chattel mortgage on an automobile, foreclosed via executiva. The automobile was seized and sold after appraisement at a judicial sale. The defendant neither sought to enjoin the sale nor did he appeal the order for seizure and sale.
Thereafter, in opposing this suit for a deficiency judgment the defendant contended the following allegation in the executory process petition was insufficient and defective:
"Petitioner shows payment(s) due on N/A[1] has/have not been paid. This default matured the note in its entirety, as of that date, and the entire balance due, the sum of $4,336.73 is now due and owing, despite amicable demand."
The trial court concluded that Chrysler had failed to allege the obligation of the defendant under the note was in default. Consequently, the petition did not comply with LSA-C.C.P. Art. 2634 and the executory proceedings could have been defeated either through injunction or appeal. May Co., Inc. v. Heirs of Sumage, 347 So.2d 916 (La.App. 3 Cir. 1977). The defendant's failure to do so did not preclude his urging this fundamental defect in the executory proceeding in defense of the plaintiff's subsequent action for a deficiency judgment. The trial judge pointed out that executory process is a harsh remedy and the party using it must strictly comply with the codal requirements for its use. First National Bank of Lafayette v. Gaddis, 250 So.2d 504 (La.App. 3 Cir. 1971); Slidell Building Supply, Inc. v. I.D.S. Mortgage Corporation, 273 So.2d 343 (La.App. 1 Cir. 1972), writ denied, 274 So.2d 708 (La.1973).
One of these requirements, of course, is that the plaintiff must allege and prove by a verified petition or affidavit a breach of a condition of the mortgage which matured the obligation. Commercial Credit Corp. v. Nolan, 385 So.2d 1246 (La.App. 3 Cir. 1980).
Chrysler contends that the language quoted above sufficiently alleges that the obligation was due and owing when suit was filed. We cannot agree. In May Co., Inc. this court concluded the following language was insufficient to allege that the obligation sued on was due and in default:
"... That there is a balance due on said note of $2,403.23 with 18% per annum interest from October 7, 1976 to October 7, 1977, and thence with 8% per annum interest from October 7, 1977, until paid...
... That the said Heirs of Dessie Sumage have refused to pay the note in spite of amicable demand, and petitioner desires to treat said note as entirely due and exigible..."
And because the petition did not allege that the obligation was in default and there was no proof thereof, the petitioner was not entitled to proceed by executory process.
The allegations in regard to default in the petition for executory process in the instant case are very similar to those in May Co., Inc. and we likewise hold they are insufficient to meet the legal requirement for such a proceeding. There being no allegation in the verified petition of a failure to pay an installment due on the note secured by the mortgage and this fact not having *306 been proved by an affidavit submitted therewith, there was no proof of a breach of such condition of the mortgage that matured the obligation sued for.
Chrysler next contends that even if we find its petition for executory process defective this cannot be used by the defendant to defeat the suit for deficiency judgment, because the defendant did not seek to enjoin the sale or appeal from the order for seizure and sale. Again, we must disagree. Ordinarily, defects of form in executory proceedings cannot be successfully urged in a later action to annul a judicial sale where no injunction was sought and no suspensive appeal was taken. Reed v. Meaux, 292 So.2d 557 (La.1973). However, where the defect is fundamental so as to render the executory process null, it will constitute a valid defense to a subsequent suit for a deficiency judgment. League Central Credit Union v. Montgomery, 251 La. 971, 207 So.2d 762 (1968); Ford Motor Credit Company v. Soileau, 323 So.2d 221 (La.App. 3 Cir. 1975); Cameron Brown South, Inc. v. East Glen Oaks, 341 So.2d 450 (La.App. 1 Cir. 1976).
The failure to properly allege and prove in the executory proceeding a breach of the condition of the mortgage which matured the obligation is in our opinion such a fundamental defect which prohibits the plaintiff from obtaining a deficiency judgment.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of the appeal are taxed against the plaintiff-appellant, Chrysler Credit Corporation.
AFFIRMED.
FORET, J., dissents with written reasons.
FORET, Judge, dissenting.
I respectfully dissent. I believe that the case sub judice is distinguishable from May Company, Inc. v. Heirs of Sumage, 347 So.2d 916 (La.App. 3 Cir. 1977). Sumage did not mention the word "default", even though other allegations were made which would indicate that they had defaulted since it was alleged that amicable demand had been made upon them and they refused to pay. However, in the case sub judice the plaintiff does allege that "payment(s) due... had/have not been paid". Plaintiff, however, does not allege the date on which these payments were due. But, plaintiff goes on to say that, "this default matured the note in its entirety". It certainly seems to me that this is an allegation of default, and that petitioner, apparently through a clerical error, simply failed to put the due date of the payment(s) in default. As far as I can see, all that this omission affects is the date that the entire note matured. In the absence of such an allegation of maturity date, then the note would simply mature on the date of the filing of the suit for executory process.
But, even though the debtor, either by defense or by a suit to enjoin executory proceedings, could have seized upon this minor defect in the pleadings, he did not do so. It is my opinion, therefore, that this defect or irregularity has been waived by defendant's inaction, and the defect is not so sacramental as to nullify the executory proceeding. As such, it does not constitute a valid defense to a subsequent suit for a deficiency judgment.
NOTES
[1] Counsel for plaintiff has acknowledged that "N/A" was an abbreviated form of "Not Applicable."