424 So.2d 289 (1982)
FIRST GUARANTY BANK
v.
Jackson W. RATCLIFF.
No. 82 CA 0092.
Court of Appeal of Louisiana, First Circuit.
November 16, 1982.
Rehearing Denied January 14, 1983.
Thomas Matheny, Hammond, for plaintiff-appellant.
Robert Morrison, Denham Springs, for defendant-appellee.
Before EDWARDS, WATKINS and SHORTESS, JJ.
SHORTESS, Judge.
First Guaranty Bank (plaintiff) brought this deficiency judgment action against Jackson W. Ratcliff (defendant), following a foreclosure by executory process. Defendant answered and contended that the executory proceeding was defective in numerous ways. His primary argument was that the original order granting executory process was improper because all of the required authentic evidence was not submitted along with the petition. In disposing of this case, the trial court held:
"Court is of the opinion that because of irregularities in the executory proceedings, more particularly the erroneous mortgage certificate and more specifically, the improper listing of the plaintiff's mortgage as a superior mortgage, the irregularities in the appraisal, and more *290 specifically the absence of administering an oath to the appraisal, and the manner in which they were appointed, there will be judgment in favor of the defendant, rejecting the [plaintiff's] demand at plaintiff's costs."
Plaintiff argues on appeal that the trial judge erred in finding irregularities sufficient to prevent it from recovering a deficiency judgment. Initially, we note[1] that there was no authentic act or certified copy of mortgage attached to the original petition for executory process.
Executory proceedings are used to effect the seizure and sale of property, without previous citation and judgment, to enforce a mortgage or privilege thereon evidenced by an authentic act importing a confession of judgment. La. CCP art. 2631. Executory process is an accelerated procedure which is summary in nature. Cameron Brown South, Inc. v. East Glen Oaks, 341 So.2d 450 (La.App. 1st Cir.1976).
Executory process is a harsh remedy, and can only be used in instances where it is specifically permitted by law. When it is permitted, the party using it must strictly comply with the letter of the law governing this remedy. Cameron Brown South, Inc. v. East Glen Oaks, supra.
For executory process to issue, certain formalities must be complied with. The plaintiff must submit with his petition the authentic evidence necessary to establish his right to use executory process to enforce the mortgage or privilege. These exhibits shall include authentic evidence of (1) the instrument evidencing the obligation, (2) the act of mortgage or privilege on immovable property importing a confession of judgment, (3) the act of mortgage or privilege on movable property importing a confession of judgment whether by authentic act or by private signature duly acknowledged; (4) any other instruments necessary to complete proof of the plaintiff's right to use executory process. La.CCP arts. 2634, 2635.[2] La.CCP art. 2636 designates what kind of documentary evidence shall be deemed authentic for purposes of executory process.[3]
Executory process is a proceeding in rem and does not seek a personal judgment against the debtor. In certain instances, however, a deficiency judgment may be obtained against the debtor if the judicial sale does not satisfy the debt. La.CCP art. 2771, La.R.S. 13:4106, 4107. A suit for a deficiency judgment is an ordinary proceeding. La.CCP art. 2772.
If the strict rules for executory process have not been complied with or if the property has been sold without appraisal, a deficiency judgment may not be maintained. La.CCP art. 2771, R.S. 13:4106, 4107. In League Central Credit Union v. Montgomery, 251 La. 971, 207 So.2d 762 (1968), the Louisiana Supreme Court held that the executory proceeding was null due to the lack of authentic evidence, and that the subsequent deficiency judgment was null and void. The court further stated that the debtor's failure to either enjoin the sale or to have the writ of seizure and sale dissolved did not estop the debtor from defending the deficiency judgment suit on the grounds that the formalities of executory process had not been met.
R.S. 13:4112 provides that once the sale has been filed in the conveyance records of the parish or the proces verbal has been filed, the judicial sale of immovable property by executory process may not be set aside because of any objection to form or *291 procedure or by reason of lack of authentic evidence. However, the statute further states:
"Nothing herein shall be construed to affect legal defenses otherwise available to any person against whom a deficiency judgment is sought after the public sale of immovable property through executory proceedings."
In the present case, the executory proceedings themselves were fundamentally defective. The record is totally devoid of an authentic act of mortgage importing a confession of judgment. Neither does a certified copy or a duplicate original of the authentic act of mortgage appear in the record. The jurisprudence clearly holds that the failure of a party to provide the necessary authentic evidence in his petition for executory process precludes that party from later instituting an action for a deficiency judgment. League Central Credit Union v. Montgomery, supra; Cameron Brown South, Inc. v. East Glen Oaks, supra.
Because no authentic act of mortgage was attached to the petition for executory process, no deficiency judgment can be maintained. It is unnecessary to address the other assignments of error.
The judgment of the trial court is affirmed at plaintiff's costs.
AFFIRMED.
NOTES
[1] Plaintiff conceded during oral argument before this court that no authentic act of mortgage or certified copy was in the record.
[2] Act 259 of the Louisiana 1982 Session amended CCP art. 2635.
[3] Act 185 of the Louisiana 1982 Session amended CCP art. 2636. It provides, in pertinent part:

"The following documentary evidence shall be deemed to be authentic for purposes of executory process:
. . . . .
"(2) A certified copy or a duplicate original of an authentic act."