424 So.2d 462 (1982)
BANK OF ST. CHARLES AND TRUST COMPANY
v.
GREAT SOUTHERN COACH CORPORATION.
No. 5-90.
Court of Appeal of Louisiana, Fifth Circuit.
December 9, 1982.
Charles Lagarde, Jr., Luling, Herman C. Hoffman, Jr., New Orleans, for plaintiff-appellee.
Daniel A. Post and John M. Garic, Post, Reinhardt & Rougelot, for defendant-appellant.
Before CHEHARDY, BOWES and GRISBAUM, JJ.
*463 BOWES, Judge.
Defendants-appellants seek to have set aside a deficiency judgment obtained by the plaintiff after the bank foreclosed via executiva on three promissory notes executed by the defendant corporation and endorsed by two individuals, C.J. Guiteau, Jr., President of Great Southern, and Jacques L. Fortier, as co-makers. Appellant argues that plaintiff-appellee should not have been allowed to obtain a deficiency judgment against appellants because the bank did not comply with the strict requisites of executory process in that the bank failed to attach to the collateral mortgage securing the promissory notes a certified copy of a corporate resolution authorizing C.J. Guiteau, Jr. to execute mortgages on its behalf.
Executory process is a unique and a harsh remedy and because of these attributes the rules which allow a creditor to proceed with this remedy must be strictly construed. L.S.A.C.C.P.2635 lists the authentic evidence which shall be submitted with a petition for executory process:
(1) The note, bond, or other instrument evidencing the obligation secured by the mortgage or privilege;
(2) The authentic act of mortgage or privilege importing a confession of judgment; and
(3) Any judgment, judicial letters, order of court, or authentic act necessary to complete the proof of plaintiff's right to use executory process."
This requirement of authentic evidence is relaxed only in those cases, and to the extent, provided by law.[1]
Appellant claims that LSA C.C.P. 2635, along with LSA R.S. 13:4103[2] require that a certified copy of the resolution of the Board of Directors authorizing the execution of the mortgage on behalf of the corporation be attached to the original Act of Mortgage to complete the proof of plaintiff's right to use executory process.
The requirement of authentic evidence to support every link in the chain of evidence in an executory proceeding is the very foundation of executory process. "To justify the order of seizure and sale every muniment of title, and every link of evidence must be in the authentic form." Miller, Lyon & Co. v. Cappel, 36 La.Ann. 264 (1884); La.Code Civ.P. art. 2635, Official Comments.
It is evident from Louisiana statutory law and jurisprudence that a corporate resolution is such a link. La.Code Civ.P. art. 2635, 2636; La.R.S. 13:4103; Progressive Bank & Trust Co. v. Dieco Specialty, Inc., 378 So.2d 139 (La.App. 1st Cir.1979); Snell v. Amite Oil Co., 178 La. 176, 151 So. 70 (1933).
La.Code Civ.P. art. 2636 provides:
The following documentary evidence shall be deemed to be authentic for purposes of executory process:
(1) The note, bond, or other instrument evidencing the obligation secured by the mortgage or privilege, paraphed for identification *464 with the act of mortgage or privilege by the notary or other officer before whom it is executed;
(2) A certified copy of an authentic act;
(3) A certified copy of any judgment, judicial letters, or order of court;
(4) A copy of a resolution of the board of directors, or other governing board of a corporation, authorizing the execution of a mortgage on its property, certified in accordance with the provisions of R.S. 13:4103; and
(5) All other documentary evidence recognized by law as authentic.
We are of the opinion that articles 2635 and 2636 must be read in pari materia.
Thus, it is seen that Article 2636 supplies or explains what will be deemed to be authentic evidence of the exhibits required in Article 2635. Article 2636(1) states that the note, bond, or other instrument required in Article 2635(1), must be paraphed for identification to be deemed authentic. Article 2636(2) states that a certified copy of an authentic act, that being the authentic act of the mortgage or privilege of Article 2635(2), is sufficient for executory process. Article 2636(3) states that a certified copy of any judgment, judicial letters, or order of court as per Article 2635(3), is authentic evidence. The remainder of Article 2635(3) calls for any authentic act necessary to complete the proof of the plaintiff's right to use executory process. The last sentence of said article refers to the fact that this requirement of authentic evidence (being the first three sections of the article) is relaxed only in those cases and to the extent provided by law. Thus we see that the article refers to authentic evidence and authentic acts in the same context or interchangeably. The counterpart in Article 2636(4) refers to a copy of the resolution of the board of directors authorizing execution of the mortgage. Accordingly, a copy of the resolution is authentic evidence necessary to complete the proof of plaintiff's right to use executory process. Article 2636(4) states that this copy should be certified in accordance with the provisions of R.S. 13:4103, which states in pertinent part:
A copy of the resolution of the board of directors or other governing board of a corporation, authorizing the execution of a mortgage on behalf of the corporation, taken from the copy certified by the secretary or any assistant secretary, and certified as provided hereinafter, shall be deemed authentic evidence for the purposes of an executory proceeding to enforce the mortgage.
Section 4103 thus extensively states what is required for a copy of the resolution to be deemed sufficient evidence for the purposes of executory process. It specifies the manner in which this copy of the resolution should be certified to be deemed authentic. It does not deal with the underlying requirement for the certified copy.
The general rule governing defenses and procedural objections to an executory process are set forth in LSA-C.C.P. art. 2642, which states:
Defenses and procedural objections to an executory proceeding may be asserted either through an injunction proceeding to arrest the seizure and sale as provided in Articles 2751 through 2754, or a suspensive appeal from the order directing the issuance of the writ of seizure and sale, or both.
A suspensive appeal from an order directing the issuance of a writ of seizure and sale shall be taken within fifteen days of the signing of the order. The appeal is governed by the provisions of Articles 2081 through 2086, 2088 through 2122, and 2124 through 2167, except that the security therefor shall be for an amount exceeding by one-half the balance due on the debt secured by the mortgage or privilege sought to be enforced, including principal, interest to date of the order of appeal, and attorney's fee, but exclusive of court costs.
Since the time limitations of LSA-C.C.P. art. 2642 have expired and the sale of the property is now complete, the remedies set out in Article 2642 are no longer available to the defendants.
*465 However, defendants' attack on the granting of a deficiency judgment based upon defective executory proceedings is proper and well-founded. In League Central Credit Union v. Montgomery, 251 La. 971, 207 So.2d 762 (1968), Rehearing Denied, the Louisiana Supreme Court stated:
[2] Our law stipulates the authentic evidence required in order to invoke executory proceedings. * * * The courts on numerous occasions have held that, without the proper authentic evidence, executory proceedings cannot be had. * * * This follows the general principle set out in Article 12 of the Louisiana Civil Code:
`Whatever is done in contravention of a prohibitory law, is void, although the nullity be not formally directed.'
A creditor cannot obtain a deficiency judgment unless he has sold the property under executory proceedings after appraisal. * * * It should follow that, if improper authentic evidence was filed so as to render the executory proceedings null, then any action based upon the executory proceedings is likewise null, [citations omitted]
In addressing this same question in the case of Chrysler Credit Corp. v. Stout, 404 So.2d 304 (La.App. 3rd Cir.1981), our brothers of the Third Circuit, following the dictate of the Supreme Court, enunciated:
... Ordinarily, defects of form in executory proceedings cannot be successfully urged in a later action to annul a judicial sale where no injunction was sought and no suspensive appeal was taken. Reed v. Meaux, 292 So.2d 557 (La.1973). However, where the defect is fundamental so as to render the executory process null, it will constitute a valid defense to a subsequent suit for a deficiency judgment. League Central Credit Union v. Montgomery, 251 La. 971, 207 So.2d 762 (1968) * * * ... [other citations omitted]
We adopt this holding of the Third Circuit.
Accordingly, it is our opinion that the executory process upon which the deficiency judgment granted to plaintiff was based is defective because of the lack of a properly certified copy of the resolution of the Board of Directors authorizing the execution of the mortgage, and that the granting of said deficiency judgment was an error. Consequently, the defense raised by appellant against the deficiency judgment sought by appellee is valid.
Therefore, for the reasons stated above, the deficiency judgment of May 21, 1980, in favor of plaintiff and against defendants, is annulled and set aside.
ANNULLED AND SET ASIDE.
NOTES
[1] Note: The following sentence was added by Acts 1981, No. 210 Sec. 1 but has no bearing on the case at bar:

"A variance between the recitals of the note and of the mortgage regarding the obligation to pay attorney's fees shall not preclude the use of executory process."
[2] LSA-R.S. 13:4103

"A copy of the resolution of the board of directors, or other governing board of a corporation, authorizing the execution of a mortgage on behalf of the corporation, taken from the copy certified by the secretary, and certified as provided hereinafter, shall be deemed authentic evidence for the purposes of an executory proceeding to enforce the mortgage. This copy of resolution shall be certified by the notary before whom the mortgage was passed in Orleans Parish, or by the clerk of the district court in all other parishes. This certified copy shall be deemed sufficient evidence, for the purposes of executory process of: the authority of the officer or agent to execute the mortgage; the existence and personnel of the governing board; and the authority of the governing board to authorize the execution of the mortgage.
The right of an interested party to question or attack the authority of the purported officer or agent to execute the mortgage is not affected in any manner by the provisions of this section. As amended Acts 1960, No. 32, Sec. 1."