WILLIAMS, Judge.
This is an appeal from a decision of the trial court to grant a preliminary injunction restraining the Civil Sheriff from the seizure and sale of property of which appellant is mortgagor.
On December 30, 1982, defendant-appellant filed a petition for executory process alleging that plaintiff had defaulted upon a mortgage. The petition for executory process alleged that the plaintiff had defaulted on a promissory note that had been par-aphed ne variatur to an act of credit sale which contained the confession of judgment and consent to seizure and sale. Attached to the petition was the original of the promissory note and a certified copy of the mortgage. The petition was a verified petition and alleged the specifics of the default.
The plaintiff filed for an injunction against the seizure and sale of the property on the ground that there was a genuine issue of whether the note was in default at the time. The trial court granted the injunction, apparently on two grounds, i.e. that executory process was not available because the allegations were not proved by the defendant’s petition and that there was a genuine dispute over whether the note was in default. It appears, therefore, that there are two issues presently before this court: (1) whether the petition for executo-ry process filed by plaintiff is sufficient in and of itself to warrant executory process, and (2) whether executory process was warranted at the time the petition was filed.
I. SUFFICIENCY OF PETITION
Article 2751 of the Louisiana Code of Civil Procedure provides that a seizure and sale may be enjoined only when (1) the debt secured by the mortgage is extinguished or legally enforceable, or (2) if the procedure for an executory proceeding has not been followed.
Defendant argues that the petition that it filed was clearly sufficient under the rules set forth by the La.Code of Civil Procedure. La.C.Civ.Pr. art. 2635 provides that the note, bond or other instrument .showing the obligation secured by the mortgage, and the authentic act of mortgage on a movable property containing the confession of judgment must be attached to a petition in order to prove a petitioner’s right to executory process. In the present case, defendant complied with these requirements. Furthermore, in its verified petition, the plaintiff set forth specifically the manner in which defendant had allegedly defaulted on the note. It has been consistently held that a plaintiff must allege and prove the breach of the condition of the mortgage which created the default by either a verified petition or an affidavit, E.g. Chrysler Credit Corp. v. Stout, 404 So.2d 304 (La.App.1981).
In the instant case it appears that the defendant set forth sufficient facts to prove the existence of a default on the mortgage. Defendant also complied with all of the requirements of 2635. The trial court, therefore, would have been in error if it had granted a preliminary injunction on these claims.
II. DEFAULT
Plaintiff argues that it is entitled to a preliminary injunction because the warranty agreement shows that the proper amount of interest was paid and the mortgage was not in default.
Defendant claimed that plaintiff defaulted by not paying the proper amount of interest. According to the terms of the note and the mortgage, interest payments were due monthly at a rate of 9% per annum until such time that the rent of the building exceeded $19,583.00. For each month that the rent would exceed this figure, the interest was 10% per annum. The promissory note and the act of credit sale require plaintiff to supply defendant with financial statements on the building so that defendant would be able to tell if plaintiff were paying the correct interest. Defend *8 ant claims that plaintiff defaulted on its note because it has been paying interest at a rate of only 9% per annum when the rent roll had exceeded the requisite figure for a number of months.
At the time of the act of sale, the parties entered into a warranty agreement. In that agreement, the defendant agreed to an audit of its books and agreed also to reduce the balance of the note for 10 times any maintenance expenses found in the audit that were in excess of $6,755.13. Plaintiff argues that under the terms of this agreement, defendant owes it a payment credit against the note, and therefore, the amount of interest paid each month, is in excess of the 10%.
A preliminary injunction is granted when a plaintiff makes a prima facie showing that he is entitled to relief and that he will suffer irreparable injury if the preliminary injunction is not granted. La.C.Civ.Pr. art. 3601, et seq. Because injunctive relief is provided for by the Code of Civil Procedure, the question in the instant case is whether plaintiff has made a prima facie showing that it will prevail upon the merits.' See Schwegmann Bros. Giant Supermarkets v. Louisiana Milk Comm’n, 290 So.2d 312 (La.1974). The evidence in the record includes the petition for injunctive relief filed by plaintiff, in which plaintiff denied that both the note was in default and that the rent roll exceeded the amount necessary to ulerease the interest due. Furthermore, plaintiff also alleged in its petition that it ’ has overpaid its interest each month, in spite of the warranty agreement, and, therefore, has paid the amount that defendant claims it owes. Other than copies of the mortgage note and the warranty agreement, no other evidence was introduced into the record.
The wording contained in the warranty agreement is ambiguous. It provides in pertinent part:
“In the event that the audit reveals maintenance expenses in excess of $6,755.13, then such excess, multiplied by 10, shall be subtracted from the principal balance of the vendor’s lien note, and any interest paid on said amount by which the principal is reduced shall be credited against interest to accrue thereafter.”
The procedure by which this credit is to take place is not contained in the record. The wording would seem to suggest that the credit should take place at such time as the audit would indicate maintenance expenses in excess of the $6,755.13. There is no evidence in the record, however, that such a credit was made or that such a credit was ever requested to be made at any time during the six years since the warranty agreement was entered into. Nowhere in the warranty agreement does it say that such a credit is to operate automatically.
Plaintiff has the burden of making a prima facie showing that there is a likelihood that it will prevail on the merits of a trial on a permanent injunction. In the present case, there is not enough evidence contained in the record to support a finding that such a showing has been made. The only evidence submitted by plaintiff is its claims in its petition that it paid certain amounts under protest and that the rent rolls never exceeded the requisite amount, and the ambiguous wording of the warranty agreement. There is no evidence to support these allegations. Plaintiff did not introduce any affidavits or exhibits to show exactly what the rent rolls were and exactly how the rent was paid in protest.
In view of the scant evidence presented to the trial court by the plaintiff below, we cannot find that a prima facie showing was made that plaintiff would prevail on the merits of a permanent injunction.
For these reasons, the decision of the trial court granting the preliminary injunction is reversed.
REVERSED.
LOBRANO, J., concurs.