PER CURIAM.
The primary issue raised in this suit for deficiency judgment is whether authentic evidence of the mortgage was submitted in the prior executory proceedings to enforce the mortgage.
On April 20, 1981, defendants, Curtis C. Hodge and Claude C. Hodge, executed a promissory note in the principal amount of $14,500.00 in favor of plaintiff Washington Bank & Trust Company. The note was payable in monthly installments of $272.96 and secured by a mortgage on certain property owned by Curtis Hodge in the City of Bogalusa. After a history of sporadic payments, defendants’ account became delinquent in the amount of $12,971.81. On February 28, 1984, plaintiff filed (Suit No. 54,524-F) for executory process. After being appraised at $10,800.00, the property was seized and sold to plaintiff for $7,200.00.
This suit for deficiency judgment followed. Defendants answered the petition raising as a defense certain irregularities in the executory proceedings and reconvened for damages allegedly caused by the wrongful use of executory process. At the conclusion of the trial, the trial court dismissed plaintiff’s demands on the basis that the copy of the mortgage submitted by plaintiff in suit No. 54,525-F was not sufficiently certified to be considered authentic evidence for the purposes of executory process. The trial court additionally dismissed defendants’ reconventional demand on the basis that no damages had been proven. Both sides appealed.
Plaintiff contends the trial court erred in finding the copy of the mortgage was not sufficiently certified for purposes of executory process. We disagree. As noted by the trial court, the certification by the clerk of court attests to the recordation of the original mortgage in that office but does not certify whether the copy is a “true and correct” copy of the original mortgage.[1] Therefore, the copy of the mortgage is not deemed to be authentic and, since the strict rules for executory process were not complied with, deficiency judgment may not be maintained. First Guaranty Bank v. Ratcliff, 424 So.2d 289 (La. *955 App. 1st Cir.1982), writ denied, 432 So.2d 265 (La.1983).
Defendants contend the trial court erred in failing to award them damages for loss of reputation, embarrassment and (as to Curtis Hodge) loss of property. Preter-mitting whether defendants had any right to such damages, we agree with the trial court that defendants failed to prove any. damages.
For the foregoing reasons,[2] the judgment of the trial court is affirmed. Costs are to be divided equally.
AFFIRMED.
[[Image here]]
La.R.S. 13:4102(D) provides:
[[Image here]]

. The certification at issue reads:

. A prior default judgment was obtained by plaintiff although defendants had filed an an *956 swer. However, neither side has raised this issue.