499 So.2d 1160 (1986)
MELLON FINANCIAL SERVICES CORPORATION # 7
v.
Milton H. CASSREINO, Jr.
No. 86-CA-375.
Court of Appeal of Louisiana, Fifth Circuit.
December 8, 1986.
*1161 Donald S. Klein, New Orleans, James F. Quaid, Metairie, for defendant-appellant.
Rader Jackson, Donald A. Meyer, New Orleans, for plaintiff-appellee.
Before CHEHARDY, C.J., KLIEBERT and WICKER, JJ.
WICKER, Judge.
This appeal arises from a suit for a deficiency judgment following a foreclosure of immovable property by executory process. The executory process was instituted by Mellon Financial Services Corporation # 7 (Mellon), the original plaintiff, against Milton H. Cassreino, Jr., (Cassreino), defendant/appellant. Thereafter, Mellon assigned its rights to a deficiency judgment to Verex Assurance, Inc. (Verex), plaintiff/appellee. On April 2, 1986[1] the trial judge granted Verex's motion for summary judgment concluding that there was no material issue of fact or law. Cassreino now brings this devolutive appeal contending that the executory proceeding was defective; hence Verex is not entitled to a deficiency judgment. We reverse.
The facts giving rise to this litigation are as follows: On May 29, 1980 Cassreino executed a promissory note in favor of Carruth Mortgage Corporation (Carruth) in the amount of $66,000.00 for the purpose of financing the purchase of immovable property. The note was secured by a first mortgage on the real estate. Evidently, Carruth had changed its name to Mellon, although we note that there is no authentic evidence proving that Mellon was the proper party to institute the executory process.
On July 1, 1985, Verex Assurance, Inc. acquired by assignment any rights Mellon would have in a deficiency judgment against Cassreino. Thereafter, on December 23, 1985, Verex filed suit against Cassreino seeking a deficiency judgment in the amount of $43,358.26 together with 11.9% interest thereon from October 17, 1984 until paid and all costs of court.
The deficiency sought by Verex is the balance due on the note after Mellon foreclosed by executory process, preceded by two appraisals, judicial sale and application of the proceeds to the note. Verex filed a motion for summary judgment on January 29, 1986 and on April 2, 1986 the trial court granted the motion for summary judgment.
Appellant assigns the following specifications of error:
1. That the trial judge erred in failing to scrutinize the petition for executory process;
2. That the trial court's failure to require the plaintiff/appellee to produce the necessary self-proving documents as well as the necessary accurate and significant details in its petition for executory process was erroneous;
3. That the trial judge's failure to require the plaintiff/appellee to produce the necessary documents proving that defendant/appellant was in default was erroneous;
4. That the trial court was in error when it granted the motion for summary judgment for the reasons given above as well as for the reason that genuine issues as to material facts exist regarding *1162 the method for authenticating the mortgage, and
5. That the trial court also erred in granting the motion for summary judgment in that it ignored the fact that the defendant/appellant could raise defenses at the deficiency judgment stage when he had not raised these in defense of the executory process suit.
We note at the outset the executory process was seriously flawed since there is no authentic evidence proving that Mellon was indeed the same party as Carruth. L.S.A.-C.C.P. Article 2635. Mellon merely alleges in its verified petition that there was a name change. Although appellant does not assign as error Mellon's failure to prove by authentic evidence that it was the proper party to file executory proceedings we can nonetheless notice on our own motion Mellon's lack of a right of action. L.S.A.-C.C.P. Article 927; Teacher's Retirement System of Louisiana v. Louisiana State Employees' Retirement System, 456 So.2d 594 (La.1984); L.S.A.-C. C.P. Article 2635.
L.S.A.-C.C.P. Article 2635 provides that:
The plaintiff shall submit with his petition the authentic evidence necessary to prove his right to use executory process to enforce the mortgage or privilege. These exhibits shall include authentic evidence of:
(1) The note, bond, or other instrument evidencing the obligation secured by the mortgage or privilege.
(2) The authentic act of mortgage or privilege on immovable property importing a confession of judgment ...
(4) Any judgment, judicial letters, order of court, or authentic act necessary to complete the proof of plaintiffs right to use executory process ... [Emphasis supplied]
Thus, Mellon's failure to prove its right to use executory process would have made its use of such proceedings invalid. L.S. A.-C.C.P. Art. 2635. However, appellant does not seek to annul the sale of the immovable property, but seeks to attack the granting of a deficiency judgment based upon the defective executory proceedings.
We have previously held that where the "executory process upon which the deficiency granted to plaintiff was based is defective ... the defense raised by appellant against the deficiency judgment sought by appellee is valid." Bank of St. Charles and Trust Company v. Great Southern Coach Corporation, 424 So.2d 462, 465 (La.App. 5th Cir.1982).
Our recognition in Bank of St. Charles and Trust Company, supra that the lack of authentic evidence in the executory process constitutes a valid defense to a deficiency judgment was based on our following the dictate of the Louisiana Supreme Court in League Central Credit Union v. Montgomery, 251 La. 971, 207 So.2d 762 (1968) as well as on the Third Circuit case of Chrysler Credit Corp. v. Stout, 404 So.2d 304 (La.App. 3rd Cir.1981). In Bank of St. Charles and Trust Company, supra at 465 we noted that the League court stated:
Our law stipulates the authentic evidence required in order to invoke executory proceedings. * * * The courts on numerous occasions have held that, without the proper authentic evidence, executory proceedings cannot be had. * * * This follows the general principle set out in Article 12 of the Louisiana Civil Code:
"Whatever is done in contravention of a prohibitory law, is void, although the nullity be not formally directed."
A creditor cannot obtain a deficiency judgment unless he has sold the property under executory proceedings after appraisal. * * * It should follow that, if improper authentic evidence was filed so as to render the executory proceedings null, then any action based upon the executory proceedings is likewise null. [citations omitted]
In addressing this same question in the case of Chrysler Credit Corp. v. Stout, 404 So.2d 304 (La.App. 3rd Cir.1981), our brothers of the Third Circuit, following *1163 the dictate of the Supreme Court, enunciated:
... Ordinarily, defects of form in executory proceedings cannot be successfully urged in a later action to annul a judicial sale where no injunction was sought and no suspensive appeal was taken. Reed v. Meaux, 292 So.2d 557 (La.1973). However, where the defect is fundamental so as to render the executory process null, it will constitute a valid defense to a subsequent suit for a deficiency judgment. League Central Credit Union v. Montgomery, 251 La. 971, 207 So.2d 762 (1968) * * * ... [other citations omitted]
In Fabacher v. Hammond Dairy Company, 389 So.2d 87 (La.App. 4th Cir.1980); our brothers in the Fourth Circuit followed the holding in Reed v. Meaux, 292 So.2d 557 (La.1973) in ruling that authentic evidence is fundamental to the use of executory process. In Fabacher, the Fourth Circuit held at 91 that:
[executory] process will not lie in the absence of authentic evidence supporting every link in the chain of evidence necessary to prove a plaintiffs right to use executory process, no matter can be entertained by the court in pais, and the requirement of authentic evidence is relaxed only to the extent specifically provided by law. Authentic evidence is the very foundation of the action. [footnote omitted] Such evidence is required for executory process not only to establish (1) the mortgage or privilege on the property sought to be seized and sold, and (2) the amount of the indebtedness sought to be enforced, but also (3) the right of the creditor to enforce the mortgage or privilege by executory process. [footnote omitted].
Moreover, the Fourth Circuit recently held that "The use of non-authentic evidence to obtain a sale by executory process defeats the creditor's right to a deficiency judgment. League Central Credit Union v. Montgomery, 251 La. 971, 207 So.2d 762 (1968)." Chrysler Credit Corp. v. Walker, 488 So.2d 209 (La.App. 4th Cir.1986) at 211.
Thus, we hold that the lack of authentic evidence to establish Mellon's right to proceed via executory process is a valid defense to a suit for a deficiency judgment brought by its assignee, Verex. Since we have found that Mellon did not prove that it had a right of action, we pretermit discussion of appellant's specifications of error.
Accordingly, for the reasons stated, we reverse the trial court's granting of the motion for summary judgment in favor of Verex and specifically decree that Verex has no right to a deficiency judgment against Cassreino. Costs of this appeal to be borne by appellee.
REVERSED AND RENDERED.
NOTES
[1] We note for purposes of clarification that the trial judge signed a second judgment on April 15, 1986 again granting the motion for summary judgment but in addition casting defendant/appellant in judgment for $43,358.26 together with interest and costs. Although neither party mentions this second judgment, we note that the trial judge had no jurisdiction to render a second judgment which consists of a substantive change absent the granting of a motion for a new trial. L.S.A.-C.C.P. 1951 provides that:

A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
(1) To alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation [Emphasis supplied].
Appellant has appealed from the original judgment and not the amended one.
The appeal thus constitutes an appeal from the valid judgment since no motion for a new trial was ever applied for or granted by the trial judge so as to effect a substantive change in the prior judgment of April 2, 1986. See L.S.A.-C. C.P. Articles 1951 et seq.