l1DOUCET, Chief Judge.
This is an appeal from a deficiency judgment in favor of petitioner-appellee, Ford Motor Credit Company, and against the defendants-appellants, Nathaniel Epps, Sr. and Barbara Epps, in the amount of $8,463.25.
FACTS .
Barbara Epps bought a vehicle from appel-lee, Ford Motor Credit Corporation (FMCC), signed an installment contract with her signature and forged her husband’s signature. After default, appellee seized and sold the vehicle pursuant to executory process and proceeded against both Barbara and Nathaniel Epps, Sr. praying for a deficiency judgment in the amount of $8,463.25.
IzAt trial, the court agreed with appellants’ contention that, due to the forgery, Nathaniel was not a party to the installment contract. However, the trial court disagreed with appellants’ allegátion that because the document supporting the petition for executory process was not executed in authentic form the petition for deficiency judgment must fall. The trial court found that the executory proceeding resulting in the sale and seizure of the vehicle was valid as to Barbara Epps. Nevertheless, the trial court found that both Barbara and Nathaniel were liable for the deficiency judgment insofar as the debt was a community debt. Defendants now appeal. We find no error in the ruling of the trial court and affirm.

ASSIGNMENT OF ERROR

Appellants contend that the trial court was clearly wrong in ruling that the community of acquits and gains existing between Mr. and Mrs. Epps was liable for a deficiency judgment which was rendered pursuant to an executory process based upon fraud.

DISCUSSION

The trial court found the following in its written reasons for judgment, which state, in part:
This Court finds that there was in fact a vice of fraud in the contract between Ford Motor Credit Company and Nathaniel Epps,. Sr., however, I do not find such a vice exist between the Petitioners and Barbara Epps. This Courts finds that Barbara Epps signed her name and forged her husband’s signature, Nathaniel Epps, Sr., *826 through her own admission in testimony. The effect was that she signed her name twice once as Barbara Epps and secondly as Nathaniel Epps, Sr., both having a binding effect on her as a valid signature. The ■contract as to Nathaniel Epps is rescinded as the vice of fraud requires it.
Be it as it may, it is the ruling and finding of this Court that the defendant Barbara Epps is liable for. a deficiency judgment in this matter and that Nathaniel Epps, Sr. is released as a party to this initial contract, however, under the laws of matrimonial regime, he is liable in solido with his wife for any and all community debts.
13As to appellants’ contention that a lack of authenticity of evidence filed in an executory process proceeding bars the plaintiff from obtaining a deficiency judgment, we find that First Guaranty Bank v. Baton Rouge Petroleum, 529 So.2d 834 (La.1987) refutes that contention. Prior to First Guaranty in League Central Credit Union v. Montgomery, 251 La. 971, 207 So.2d 762 (1968), the Louisiana Supreme Court held that a defect in an executory proceeding precluded a subsequent suit for a deficiency judgment.
However, First Guaranty, 529 So.2d at 842-844 (La.1987), in overruling League Central stated as follows:
This court concluded in League Central that the deficiency judgment was void because the executory proceeding which preceded the deficiency action was based on inauthentic evidence,.... After reviewing the pertinent statutes and their legislative history, we realize that the reasoning underlying the League Central decision was erroneous and that it must be overruled.
[[Image here]]
The deficiency judgment action, although related to the executory proceeding, is established by the legislated law as a separate and independent proceeding, different in concept and purpose, involving different kinds of procedure, evidence and defenses.
The Code of Civil Procedure and statutes require a creditor seeking to obtain a deficiency judgment to prove only that there is a deficiency due on the debt after the distribution of the proceeds of the judicial sale and that the property was sold under executory proceeding after appraisal in accordance with La.C.Civ.P. art. 2723. La.C.Civ.P. art. 2771. The legislated law does not require a creditor to prove that he presented flawless authentic evidence in the executory proceeding in order to obtain a deficiency judgment or grant the debtor a defense to a deficiency judgment based upon the creditor’s failure to do so.
On the other hand, the creditor may not rely on the executory proceeding to prove his right to a deficiency judgment. The creditor must prove by ordinarily admissible evidence the existence of the obligation, the deficiency due, and the judicial sale under executory proceeding after appraisal. Further, the creditor must prove his case in an independent ordinary proceeding, affording the debtor all of the rights of a defendent(sic) in an ordinary proceeding, including the requirement of personal jurisdiction and service of process. La.C.Civ.P. arts. 2644, 2772.
[[Image here]]
Although this policy is broad and strong, there is nothing in its history or expressions that indicates an intention to bar a creditor who fully complies with appraisal requirements from obtaining a deficiency Ujudgment simply because of a lack of authentic evidence in the executory proceeding.
In the instant case, FMCC proved the existence of the obligation and proved that the property was sold under executory proceeding after appraisal. FMCC also proved that a deficiency was due on the debt after the distribution of the proceeds of the judicial sale.
Under First Guaranty, a defendant cannot rely upon a lack of authentic evidence in the executory proceeding to prevent a creditor from proceeding and proving its case on the deficiency action. The appellants cite no authority for their contention, other than to argue that the Louisiana Supreme Court in First Guaranty was incorrect.
*827 The defect in the underlying security agreement relied upon by appellants is the signature of Nathaniel, which Barbara forged. There is no doubt that Barbara Epps signed the contract and is personally hable on the contract. Therefore, we find that the trial court was correct in finding that Barbara is estopped from claiming her own fraud as a defense to liability on the contract.
In determining whether the trial court was correct in determining that Na-thániel was also hable for the deficiency judgment as a member of the community of acquits and gains, we note that FMCC did not plead either in the original petition for executory process or in the supplemental petition for deficiency that Nathaniel was the husband of Barbara or that he is hable as a member of the community. FMCC merely alleges that Nathaniel signed the contract and that the vehicle was seized and sold in an executory proceeding. The answer to the original petition for executory process denies these allegations and further alleges that Nathaniel Epps, Sr., did not sign the contract.
However, the defendants-appehants, in their answer to the supplemental petition for a deficiency judgment, allege that “the name of Nathaniel Epps, Sr. was signed by his wife without his knowledge or authority.” Additionally, at the trial, Barbara Epps testified that she is married to Nathaniel Epps, Sr. and that they are presently living together in community and were living together in community when she signed his name to the plaintiffs installment contract. Additionally, she testified that she and her husband did not have a separate property agreement Nathaniel also testified and did not dispute that Barbara was his wife or the fact that they did not have a separate property agreement.
Therefore, insofar as evidence was introduced at the trial as to the defendants’ marital relationship without objection,: we consider the pleadings expanded to include Uan allegation that the parties are married and that Nathaniel is a member of the community of acquets and gains. See La.Code Civ.P. art.1154.
Finally, the parties make no argument that the automobile at issue was not community property.
La.Civ.Code arts. 2338 and 2340 define community property. La.Civ.Code art. 2338 states:
The community property comprises: property acquired during the existence of the legal regime through the effort, skill, or industry of either spouse; property acquired with community things or with, community and separate things, unless classified as separate property under Article 2341; ...; and all other property not classified by law as separate property.
La.Civ.Code art. 2340 states that “[tjhings in the possession of a spouse during the existence of a regime of community of ac-quets and gains are presumed to be community, but either spouse may prove that they are separate property.”
Additionally, La.Civ.Code arts. 2360 and 2361, discussed community obligations. La. Civ.Code art. 2360 states that “[a]n obligation incurred by a spouse during the existence of a community property regime for the common interest of the spouses or for the interest of the other spouse is a community obligation.”
La.Civ.Code art. 2361 states '“[ejxcept as provided in Article 2363, all obligations incurred by a spouse during the existence of a community property regime are presumed to be community obligations.”
The Civil Code, as set forth above, states that the community is liable for the debts of both the husband or wife unless it is shown that the debt was not incurred for the benefit of the community. Therefore, it is presumed that the automobile purchased by Barbara Epps was purchased for the benefit of the community unless proved otherwise.
La.Civ.Code art. 1850 states that “[a] party whose interest is favored by a presumption established by law need not offer other proof.”
| fiIn this case, Nathaniel has not attempted to carry his burden of rebutting the presumption that the obligation at issue is a community debt. Thus, it is presumes that the automobile purchased by Barbara was of *828 benefit to the community. A creditor is free to pursue either member of the community of acquets and gains or both. As stated in La.Code Civ.P. art. 735, “[ejither spouse is the proper defendant, during the existence of the marital community, in an action to enforce an obligation against community property;
Therefore, Nathaniel is a proper defendant to be held in judgment in an action to enforce an obligation against community property.

CONCLUSION

The trial court was correct in finding Barbara liable as a party to the contract between herself and FMCC and both Barbara and Nathaniel liable for Barbara’s debt as members of the community of acquets and gains.
Based upon the foregoing, we find no error in the judgment of the trial court. Costs of these proceedings to be paid by defendants-appellants, Nathaniel Epps, Sr. and Barbara Epps.
AFFIRMED.
COOKS, J., dissents.