347 So.2d 916 (1977)
The MAY COMPANY, INC., Plaintiff-Defendant-in-Reconvention-Appellant,
v.
HEIRS OF Dessie SUMAGE, Defendant-Plaintiff-in-Reconvention-Appellee.
No. 6058.
Court of Appeal of Louisiana, Third Circuit.
June 30, 1977.
*917 Gahagan & Gahagan, by M. F. Gahagan, and J. M. "Pat" Henry, Natchitoches, for plaintiff-appellant.
Lowther & Boone, by Robert C. Lowther, Jr., Many, for defendant-appellee.
Before DOMENGEAUX, GUIDRY and ROGERS, JJ.
DOMENGEAUX, Judge.
This was a suit for executory process brought by The May Company, Inc., against the Heirs of Dessie Sumage. The suit concerned a loan made to decedent and secured by a mortgage on her home. Defendant Exie Palmer reconvened, asking that the sale of the property be enjoined and that damages for wrongful seizure and attorney's fees be awarded to her. Trial was had before the district judge, who granted the injunction and awarded plaintiff-in-reconvention the sum of $1,000.00 in damages and $750.00 as attorney's fees. Defendant-in-reconvention took this appeal. We affirm the decision of the district judge, but feel constrained to make a reduction in the award of damages.
On July 5, 1968, Dessie Sumage, then 76 years old, granted a collateral mortgage on her home to the Friendly Finance Company in the amount of $3,697.00 in connection with a loan made to her that same day. She refinanced the loan on June 28, 1974, at which time a new promissory note was executed. The principal amount of the loan was $2,550.00, payable in 120 monthly installments of $45.95. The mortgage contained the usual confession of judgment, pact de non alienando, waiver of appraisement, notice, etc.
For the first six months she paid the exact amount due, all in advance. Then she began to pay erratically, in varying amounts, sometimes more and sometimes less than the installment amount of $45.95. This pattern continued until her death on November 1, 1976.
Before her death Mrs. Sumage had paid her November installment, and the next payment was due on November 28, 1976. Her sole legatee, Exie Palmer, made a visit to the President and Manager of The May Company (which is the holder in due course of the note) to make arrangements to continue paying the obligation. However, he was not available at that time.
On November 8, 1976, The May Company filed this suit, praying for seizure and sale of the property. Service of the notice of seizure was made on a curator ad hoc and seizure was effected November 27, 1976.
The petition of The May Company alleged the following: " . . . That there is a balance due on said note of $2,403.23 with 18% per annum interest from October 7, 1976 to October 7, 1977, and thence with 8% per annum interest from October 7, 1977, until paid . . .
. . . That the said Heirs of Dessie Sumage have refused to pay the note in spite of amicable demand, and petitioner desires to treat said note as entirely due and exigible . . ."
Executory process is a harsh remedy, and the party using it must strictly comply with the letter of the law governing this severe remedy. First National Bank of Lafayette v. Gaddis, 250 So.2d 504 (La.App. 3rd Cir. 1971), and Slidell Building Supply, Inc. v. I.D.S. Mortgage Corporation, 273 So.2d 343 (La.App. 1st Cir. 1972).
Article 2637[1] of the Louisiana Code of Civil Procedure (hereinafter the Code) *918 states that the proof of breach of the mortgage need not be submitted in authentic form. It may be proved by verified petition or affidavit. According to Article 2634[2] of the Code, the petition must be in compliance with Article 891, which states in part:
"Art. 891. Form of petition
. . . . It shall set forth the name, surname, and domicile of the parties; shall contain a short, clear, and concise statement of the object of the demand and of the material facts upon which the cause of action is based; and shall conclude with a prayer for judgment for the relief sought. Relief may be prayed for in the alternative."
The petition in the instant suit does not satisfy these requirements. Nowhere do we find an allegation that the obligation is in default and that it is due. Therefore, the defendant-in-reconvention has failed to offer the requisite proof of his demand under the Code.
The district judge awarded to plaintiff-in-reconvention $1,000.00 for humiliation, mental anguish, inconvenience, and trespass. She is entitled to such damages, but only if proven. See Moses v. American Security Bank of Ville Platte, 222 So.2d 899 (La.App. 3rd Cir. 1969). Upon review of the minimal evidence introduced in the record, we find that damages to the extent awarded were not adequately proven. Mrs. Palmer testified in effect that she was surprised that the proceedings were filed and that she was upset thereby.
This was the only substantial evidence offered, and while it does show Mrs. Palmer suffered humiliation, we do not feel that it warrants an award of $1,000.00 in damages. Therefore, we reduce that award to the sum of $200.00.
Attorney's fees are allowable in wrongful seizure cases. See Smith v. Atkins, 218 La. 1, 48 So.2d 101 (1950). We find no abuse of discretion in the award of $750.00 as attorney fees.
For the assigned reasons the judgment of the district court awarding plaintiff $1,000.00 in damages for humiliation, trespass, inconvenience, and mental anguish, is reduced to the amount of $200.00. In all other respects, the judgment appealed from is affirmed. Costs are cast against appellant.
AMENDED AND AFFIRMED.
NOTES
[1] Art. 2637. Evidence which need not be authentic

Evidence as to the proper party defendant, or as to the necessity for appointing an attorney at law to represent an unrepresented defendant, or of the breach or occurrence of a condition of the act of mortgage or privilege maturing the obligation, need not be submitted in authentic form. These facts may be proved by the verified petition, or supplemental petition or by affidavits submitted therewith.
If a mortgage sought to be enforced secures the repayment of any advances made by the holder of the mortgage note for the payment of taxes, insurance premiums, or special assessments on, or repairs to, or maintenance of, the property affected by the mortgage, the existence, date, and amount of these advances may be proved by the verified petition, or supplemental petition, or by affidavits submitted therewith.
A presumption of the judicial acceptance of the succession of the debtor by his heirs or legatees is established by a certified copy of the judgment of possession, recognizing these heirs or legatees and sending them into possession of the property of the deceased.
A presumption of the administration of the property by the legal representative of the debtor at the time of the institution of the executory proceeding is established by a certified copy of the letters issued by the court which has appointed or confirmed the legal representative. As amended Acts 1964, No. 4, § 1.
[2] Art. 2634. Petition

A person seeking to enforce a mortgage or privilege on property in an executory proceeding shall file a petition therefor, praying for the seizure and sale of the property affected by the mortgage or privilege. This petition shall comply with Article 891, and the plaintiff shall submit therewith the exhibits mentioned in Article 2635.