359 So.2d 742 (1978)
Carroll L. WOOD, III, D.D.S.
v.
Richard J. KELLY, Jr.
No. 9162.
Court of Appeal of Louisiana, Fourth Circuit.
May 10, 1978.
Dodge, Friend, Wilson & Spedale, Joseph E. Friend, New Orleans, for Carroll L. Wood, III, D.D.S., plaintiff-appellee.
Harry A. Burglass, Metairie, for Richard J. Kelly, Jr., defendant-appellant.
Before LEMMON, BOUTALL and GARSAUD, JJ.
BOUTALL, Judge.
Carroll L. Wood, III sued Richard J. Kelly, Jr. on a promissory note for $1,000. The note did not provide a date for maturity but was admittedly on demand; did not provide for interest, but did provide for 15% attorney's fees. Kelly admitted the note was unpaid but contended set-off because he had furnished accounting services to Wood through his solely owned corporation, ABS Tax Service Corporation. The trial court rendered judgment on the note plus 7% per annum interest from judicial demand until paid and 15% attorney's fees.
Kelly appeals contending error in not recognizing his claim of set-off and in awarding interest and attorney's fees without demand having been made on the note.
The evidence shows that the promissory note represented a personal loan to Kelly and there was no agreement that it was to be paid in a particular way. The work Kelly did for Wood was on behalf of the corporation, and the trial judge correctly held that Kelly was not entitled to use *743 this for his individual benefit. In passing, we note also that the value of these services are in dispute in another suit between Wood, Kelly and the corporation.
The promissory note did not provide for interest and the trial judge awarded none on that contractual basis. He properly awarded the legal interest provided in La.C.C. Art. 1935 and 2924 reasoning that the debt became due and payable at the time of the judicial demand.
Similarly the award of attorney's fees was governed by the judicial demand. The note was payable on demand and the parties dispute whether amicable demand was ever made. Nevertheless the judicial demand constituted the demand making the note due and payable. Defendant although admitting the debt still did not pay it or make legal tender. It was necessary that the attorney prosecute the judgment and this is the basis for the award of attorney's fees.
The judgment is affirmed at appellant's costs.
AFFIRMED.