COLE, Judge.
This is a suit for the seizure and sale by executory process of certain real estate.
The petition of Liberty National Life Insurance Company alleges, in summary, it is the holder, for value, of a promissory note executed by William L. Honea and Katherine Maudine Watson Honea dated March 23,1961, which is secured by a mortgage on Lot 91 of Foster Heights Subdivision located in East Baton Rouge Parish, Louisiana.
It further alleges, through a series of sales, the obligation was eventually assumed by the present owners, Willie L. Prine and Minnie Ott Prine, and the monthly notes thereon have not been paid since November 1,1978. Based upon the petition and its attachments, an order of executory process issued.
The Prines, who had purchased the property by an act of sale with assumption of mortgage, attempted to enjoin that seizure *418 and sale on several grounds. Subsequent to a hearing in the district court, injunctive relief was denied and an attorney’s fee of $1,000.00 was awarded to the plaintiff for the dissolution of the allegedly improper restraining order. This devolutive appeal by the defendants followed and upon application to this court, an order issued staying the judicial sale of the property until the matter was decided here.
The appellants contend that executory process is improper in this case because of several defects in the petition and documents attached thereto. We find that the documents presented by the plaintiff are insufficient to allow the use of executory process.
The documentation offered by Liberty National to obtain the order of executory process reflects the promissory note originally executed by the Honeas was assigned to the plaintiff by a notarial act of assignment on March 23, 1961. However, the notarial assignment itself states the note was assigned to the Manhattan Savings Bank.
This discrepancy was apparently not noticed until shortly before the filing of this suit. On May 11, 1979 a notarial act of correction was executed by the original assignor, Louisiana Fire Insurance Company, which stated the first act of assignment was in error, that Manhattan Savings Bank had never received the note and that Liberty National was the correct assignee and had always possessed the note since 1961.
The record, however, contains no recognition in authentic form of these facts by Manhattan Savings Bank.
Code of Civil Procedure Article 2635 provides:
“The plaintiff shall submit with his petition the authentic evidence necessary to prove his right to use executory process to enforce the mortgage or privilege. These exhibits shall include authentic evidence of:
(1) The note, bond, or other instrument evidencing the obligation secured by the mortgage or privilege;
(2) The authentic act of mortgage or privilege importing a confession of judgment; and
(3) Any judgment, judicial letters, order or court, or authentic act necessary to complete the proof of plaintiff’s right to use the executory process.
This requirement of authentic evidence is relaxed only in those cases, and to the extent, provided by law.” [Emphasis added.]
The official comments relating to Article 2635 state, in part:
(b) The requirement of authentic evidence to support every link in the necessary chain of evidence in an executory proceeding is the very foundation of ex-ecutory procedure. Its rigid application, in the absence of statute, is well illustrated in the leading case of Miller, Lyon & Co. v. Cappel, 36 La.Ann. 264 (1884) where it was held that: ‘To justify the order of seizure and sale every muniment of title, and every link of evidence must be in the authentic form. In such a proceeding the judge can entertain no matter in pais.’ To the same effect, see Ricks v. Bernstein, 19 La.Ann. 141 (1867).” [Emphasis added.]
Strict adherence to the requirements for executory process is necessary. Executory process is a harsh remedy and the party using it must strictly comply with the letter of the law governing this severe remedy. First National Bank of Lafayette v. Gaddis, 250 So.2d 504 (La.App. 3d Cir. 1971); Slidell Building Supply, Inc. v. I. D. S. Mortgage Corporation, 273 So.2d 343 (La.App. 1st Cir. 1972).
Although the issue raised by the facts here presented is res nova, we conclude the unilateral notarial act of correction is insufficient to fully and completely establish the chain of evidence necessary for Liberty National to proceed by executo-ry process. Without a proper and sufficient acknowledgment by Manhattan Savings Bank of the fact they had no interest in the note sued upon here, we find executory process is not available to the appellees.
*419 Appellee strongly contends L.R.S. 13:4104, by analogy, should permit executo-ry process in this instance. It provides:
“The right to an order for executory process shall exist when there is a variance between a notarial act of mortgage and the note or notes issued in connection therewith, when such variance is sue to a clerical error and the fact that such variance is so due is certified on the note or notes or on the act of mortgage, or both, over the official signature of the notary before whom the mortgage was passed.” [Emphasis added.]
We conclude the debtor has less interest in an assignment than in errors connected with the note or mortgage. However, we cannot agree because the notary has the power to correct variances between the mortgage and note due to a clerical error, his power extends to and includes the unilateral correction of an assignment of the note. A variance between the note and mortgage is indicative of clerical error. Either the note provision or the mortgage provision is erroneous when they provide differently with respect to the same subject matter. An assignment of the note, however, creates a link in the chain of evidence not suggestive of clerical error but one essential “to complete the proof of plaintiff’s right to use the executory process.” In essence, this matter must be viewed from the standpoint of the creditor establishing his right to seize, nor from the debtor’s obligation to pay. There is no variance in the documentary evidence in this case, only a missing link in the chain of authenticity. Only Manhattan Savings Bank can provide the missing link.
We recognize this result is harsh but absent legislative authorization, the unilateral correction of a note assignment is contrary to the strict requirements of executory process. A different result would ignore that part of La.C.C.P. art. 2635 providing: “This requirement of authentic evidence is relaxed only in those cases, and to the extent, provided by law.”
The appellants also seek attorneys fees as a result of this attempted seizure by Liberty National. It has been previously decided attorneys fees may be allowed to a mortgagor who successfully averts an attempted foreclosure by executory process. May Co., Inc. v. Heirs of Sumage, 347 So.2d 916 (La.App. 3d Cir. 1977). We have considered the evidence concerning time expended and work done by counsel for the Prines and we find an award of $500.00 is in order. Appellee is cast for that sum.
The judgment of the district court is reversed; executory proceedings are permanently enjoined; attorneys fees are ordered; and all costs of this appeal are to be paid by the appellee.
REVERSED AND RENDERED.