385 So.2d 1246 (1980)
COMMERCIAL CREDIT CORPORATION, Plaintiff-Appellant,
v.
Charles Alex NOLAN, Sr., et al., Defendants-Appellees.
No. 7618.
Court of Appeal of Louisiana, Third Circuit.
June 2, 1980.
*1247 Peter C. Piccione, Jr., Lafayette, for plaintiff-appellant.
Richard M. Sandefer, Lafayette, for defendants-appellees.
Before CULPEPPER, SWIFT, and STOKER, JJ.
SWIFT, Judge.
Plaintiff, Commercial Credit Corporation, brings this appeal from the judgment rendered below awarding defendant, Irene Nolan, damages and an attorney's fee for the wrongful seizure of her mobile home. The appellees have neither appealed nor answered the appeal.
The record reveals that on April 30, 1970, Larry and Lily Bourque purchased a mobile home from Eddie's Mobile Homes, Inc. and as a part of the consideration for the sale the Bourques executed a monthly installment note in the total sum of $10,650.00. A chattel mortgage was granted the vendor to secure the note and they were assigned contemporaneously to the plaintiff. The Bourques transferred their interest in the mobile home to defendants, Charles Nolan, Sr. and Irene Nolan, subject to the contract of sale and chattel mortgage. In the act of transfer, dated May 20, 1974, the Nolans agreed to pay Commercial Credit the remaining balance of $6,478.75 in monthly installments of $88.75 payable on the 23rd of each month. Later, these were changed by agreement to $97.88 payable on the first of each month.
On March 20, 1979, plaintiff filed a petition for executory process alleging that defendants were in default by failing to pay the February 1, 1979, installment on the note and that the remaining balance thereof was due under the acceleration clause. The mobile home was seized pursuant to a writ of seizure on March 22, 1979. Mr. and Mrs. Nolan were living separate and apart at the time and the husband was served with notice of seizure and sale through a curator.
On April 17, 1979, the defendants filed a petition in this executory proceeding to enjoin the seizure and sale of the mobile home on the ground that the February, 1979, installment and all others then due had been paid. Defendants also prayed for damages and an attorney's fee for the wrongful seizure.
Following the hearing and a 10 day period for both sides to furnish the court further proof of damages and also authorities, the trial judge, finding that defendant, Irene Nolan, had complied with the terms of the contract, awarded her damages in the sum of $3,205.72 and an attorney's fee of $500.00. The award was made subject to an "offset" in favor of Commercial Credit *1248 for the unpaid balance of the chattel mortgage note amounting to $1,524.34, making a net award to Mrs. Nolan of $2,181.38. The injunctive relief sought by the defendants was not mentioned in the trial judge's oral or written reasons or in the formal judgment. However, in between the judge's oral ruling from the bench that the seizure was wrongful and her written reasons for the damage award, on joint motion of counsel the previous order for seizure and sale was recalled and set aside and the mobile home was released to Mrs. Nolan without prejudice to the parties.

WRONGFUL SEIZURE
Plaintiff first contends that the trial judge erred in finding that defendants were not in default and that the seizure was wrongful.
Executory process, of course, is a harsh remedy and a party employing same must strictly comply with the requirements for its use set forth in LSA-C.C.P. Art. 2631 et seq. May Co., Inc. v. Heirs of Sumage, 347 So.2d 916 (La.App. 3 Cir. 1977). One of these is that the plaintiff must allege and prove the breach of a condition of the mortgage maturing the obligation either by the verified petition or affidavits submitted therewith. Art. 2637.
As stated above, the only breach of such a condition alleged in the verified petition filed in this case is that the defendants failed to pay the installment due February 1, 1979, on the note. To the contrary, at the hearing on the rule for preliminary injunction there was admitted in evidence a check of Mrs. Nolan payable to plaintiff dated January 29, 1979, for $97.88 marked "Feb Payment" which was stamped "PAID" by the bank on January 31, 1979. The record also contains Mrs. Nolan's cancelled checks for the January and March 1979 payments as well as 12 other checks for the 1978 monthly installments. Despite the court's ruling that other information sought to be introduced went beyond the scope of the pleadings, Mr. A. J. Guidry, the manager of Commercial Credit, was permitted to testify that defendants' account had a debit balance of $12.12 after the February 1, 1979, payment, because that amount of such payment was credited to late charges accumulated in the past.
While the note and mortgage provide for the assessment of a late charge for failure to pay a loan installment within 10 days of its due date, there is no provision therein which authorizes the creditor to impute or credit any part of an installment payment to a late charge. As we view the matter, the monthly installments and late charges were two separate and distinct obligations of the debtors. Having proceeded to foreclose via executiva on the allegation and proof that the defendants had breached their mortgage solely by failure to pay the February 1, 1979, installment, the plaintiff could not later attempt to prove another breach thereof at the hearing for injunctive relief to arrest the proceeding. The trial judge's original ruling that such evidence was beyond the scope of the pleadings was correct and the evidence should have been excluded.
Be that as it may, our examination of Mrs. Nolan's checks for the 1978 and 1979 payments reveal that all payments were made within ten days of the first of each month. Consequently, in our opinion the plaintiff has failed to prove by a preponderance of the evidence that defendants actually owed any late charges when this executory process proceeding was filed.

DAMAGES
The plaintiff contends that no damages should have been awarded in this case because the trial judge failed to grant the injunctive relief sought by the defendants. While a damage award generally accompanies a decree for injunctive relief to prevent wrongful seizure and sale, the latter is not necessarily a prerequisite thereof. Such damages are awarded as a consequence of the wrongful seizure, not the issuance of the temporary restraining order or preliminary injunction arresting the seizure and sale. In this case the question of the defendants' right to injunctive relief became *1249 moot when the court recalled and set aside its original order for executory process by agreement of the parties. Therefore, the necessity for a ruling thereon no longer existed.
The trial judge awarded the following damages for the wrongful seizure:

Damage to mobile home: $ 289.91
Cost of estimate of repair: 40.81
Loss of rental income for
 2½ months: 375.00
General damages: 2,500.00
Attorney's fee: 500.00

The plaintiff asserts that such damages were not proved by a preponderance of the evidence. Mrs. Nolan testified that she had rented the mobile home to tenants for $150.00 a month prior to its seizure and had to refund a $50.00 deposit to a renter who was to move into the home on the day after it was picked up by the sheriff. No evidence was presented to contradict such testimony. Since the defendant was deprived of the mobile home for 2½ months, the court's award of $375.00 for rental income loss was correct.
Mrs. Nolan's testimony that during the seizure the mobile home was damaged when it fell on its side in a ditch also was uncontradicted and the only evidence presented as to the cost of repair was an estimate produced by the defendant in the sum of $289.91. In our opinion the award of this item of damage was proper.
Plaintiff contends that the trial court erred in awarding general damages of $2,500.00. It is, of course, well settled that a party aggrieved by wrongful seizure is entitled to recover not only the special damages sustained but also general damages for humiliation, embarrassment, mental trauma, depression, inconvenience and worry. Dawson v. Piazzi, 371 So.2d 283 (La.App. 1 Cir. 1979); Escat v. National Bank of Commerce in New Orleans, 284 So.2d 832 (La. App. 4 Cir. 1973); General Motors Acceptance Corporation v. Meyers, 377 So.2d 1355 (La.App. 3 Cir. 1979), Writ granted. Upon appellate review much discretion must be left to the discretion of the judge or jury in the assessment of such general damages. Mid-State Homes, Inc. v. Lartigue, 383 So.2d 99 (La.App. 3 Cir. 1980). Our examination of the record does not reveal that the trial judge abused her "much discretion" in awarding defendant $2,500.00 for the humiliation, embarrassment, inconvenience and worry suffered as a result of being deprived of the possession of her mobile home for 2½ months.
Plaintiff also contends the trial judge erred in refusing to grant a new trial for the reason that it has discovered evidence from witnesses that the mobile home did not capsize during its seizure by the sheriff, as testified by Mrs. Nolan. However, it failed to prove that it could not have discovered the new evidence, with due diligence, prior to or during the trial. Consequently, no error was committed in denying the motion for a new trial. LSA-C.C.P. Art. 1972.
Finally, the plaintiff contends that the hearing on the petition for injunction should not have been held in the absence of Mr. Nolan. The record reveals that although Mr. Nolan was not present during the hearing, the petition for injunctive relief was filed on behalf of both Mr. and Mrs. Nolan. Mr. Nolan has not questioned the authority of his counsel and the fact that he was not present at the hearing does not affect the validity of the judgment against the plaintiff.
We are unaware of authority for the trial judge's grant of an offset or credit to plaintiff for the remaining balance of its mortgage note. However, the defendants have not complained of this. Furthermore, since they have neither appealed nor answered the appeal the judgment cannot be changed in their favor. Texas Gas Transmission Corporation v. Hebert, 207 So.2d 368 (La. App. 3 Cir. 1968).
For the foregoing reasons, the judgment of the trial court is affirmed. The costs of this appeal are assessed against plaintiff-appellant.
AFFIRMED.