JASPER E. JONES, Judge.
Alice Dry appeals from a judgment denying a preliminary injunction of the sale of her property and dismissing her reconven-tional demand for damages for wrongful seizure. We affirm.
Dry and her deceased husband were comakers of a demand note payable to bearer. The note is secured by a mortgage on a tract of land located in Red River Parish. Plaintiff, Bank of Coushatta, is the holder and owner of the demand note.
The bank instituted executory proceedings to enforce the mortgage and a writ of seizure and sale was issued and the property seized. The curator for Mrs. Dry, a non-resident, answered by filing a general denial. Upon learning of the suit, Dry employed present counsel and filed a petition for injunctive relief and reconvened for damages for wrongful seizure. A temporary restraining order was issued to stop the sale of the property. The judgment appealed from was rendered after a hearing on the rule for the preliminary injunction.
Dry makes only one assignment of error on appeal: that it was error for the district judge to find that the writ of seizure and sale was not wrongfully issued. Dry argues that since the petition contains no allegation of breach of the mortgage or default by her that it was insufficient. The substance of the contention is that the petition does not state a cause of action and is, therefore, insufficient to support executory process.
Dry’s argument is as follows: a petition in executory process must comply with LSA-C.C.P. art. 891; that article requires the petition to state the facts on which the cause of action is based; a suit on a note requires some allegation of a breach of the *1000 mortgage or note which “matured” it and makes it due; that this petition contains no such allegation and, therefore, does not comply with Article 891.
The bank’s petition contains only four paragraphs. Paragraph one names Dry as the defendant. The second paragraph alleges that the bank is owner and holder of the note. The third paragraph alleges that the note is secured by the mortgage. The final paragraph alleges that the mortgage contains a confession of judgment and consent to the use of executory process. The petition concludes with a prayer that a writ of seizure and sale issue and that the property be sold to satisfy the note.
Executory process is a harsh remedy and each step must be carried out in strict compliance with the letter of the law. Cameron Brown South, Inc. v. East Glen Oaks, 341 So.2d 450 (La.App. 1st Cir. 1976). The petition in an executory proceeding must comply with LSA-C.C.P. art. 891; LSA-C.C.P. art. 2634.[1] The petition must contain a statement of the material facts on which the cause of action is based. LSA-C. C.P. art. 891.[2]
This case turns on whether or not it was necessary for the petition to allege some breach which makes the obligation due. We conclude that such an allegation was unnecessary in this case.
LSA-R.S. 10:3-122. provides as follows;
(1) A cause of action against a maker or an acceptor accrues

(b) in the case of a demand instrument upon its date, or if no date is stated, on the date of issue.
Paragraph 2 of the petition here alleges that the note was made “due on demand”. On a demand note a cause of action accrues on the date of the instrument even though no demand had been made. Bank of St. John v. Hibernia Bank & Trust Co., 189 La. 1, 179 So. 15 (1938); Knick v. Green, 545 S.W.2d 269 (Tex.Civ.App., Waco, 1976); Cantonwine v. Fehling, 582 P.2d 592 (Wyo.1978). Suit on a demand note can be brought at any time without any other demand unless the parties intended otherwise. Bank of St. John, supra. A demand note is properly payable immediately upon execution and filing suit constitutes a demand for payment and failure to pay in response thereto puts the maker in default. DiFatta v. Campagna, 190 So.2d 157 (La.App. 4th Cir. 1966); Wood v. Kelly, 359 So.2d 742 (La.App. 4th Cir. 1978); LSA-C.C. art. 1911.[3] No allegation of a previous demand for payment is required before a mortgagee *1001 can have property seized. Pargoud v. Richardson, 30 La.Ann. 1286 (La.1878). See also Bank of St. John, supra.
The note sued upon in this case is a demand note. Therefore it required no breach of any condition of the mortgage or note to “mature” the obligation. The obligation was “mature” from the moment of the execution of the note. LSA-R.S.-10:3-122; Knick; Cantonwine, supra. The bank’s petition served as a demand for payment and when Dry did not pay she was in default. LSA-C.C. art. 1911; DiFatta; Wood; supra. Therefore, the petition alleges all necessary facts on which the cause of action is based and complies with LSA-C.C.P. arts. 891 and 2684. Thus, the writ of seizure and sale was properly issued.
Dry relies on the cases of Commercial Credit Corp. v. Nolan, 385 So.2d 1246 (La.App.3d Cir. 1980), and May Co., Inc. v. Heirs of Sumage, 347 So.2d 916 (La.App.3d Cir. 1977), for the proposition that the petition must include an allegation that the obligation sued on is in default and due. Those cases are not controlling here because of an important factual difference. In both of those cases the note in question was an installment note rather than a demand note as we have here. In a suit on an installment note where some condition must occur in order to make all the installments due it is easy to understand why the occurrence of that condition must be alleged. In the Nolan case the court found as a fact that the seizure was wrongful because the installment which plaintiff relied upon to trigger the acceleration cause was found to have been timely paid by the defendant. The court in May stated:
“The petition in the instant suit does not satisfy these requirements. Nowhere do we find an allegation that the obligation is in default and due.” Id. p. 918.
However, since there need not be any breach or the occurrence of a condition to make a demand note due no allegation is required other than that found in paragraph 2 of the petition wherein the note is described and the affirmative statement is made to the effect that it was “made due on demand.”
The judgment of the district court is affirmed. All costs are taxed to appellant.
AFFIRMED.

. Art. 2634 — A person seeking to enforce a mortgage or privilege on property in an execu-tory proceeding shall file a petition therefor, praying for the seizure and sale of the property affected by the mortgage or privilege. This petition shall comply with Article 891, and the plaintiff shall submit therewith the exhibits mentioned in Article 2635.

. Art. 891 — The petition shall comply with Articles 853, 854, and 863, and, whenever applicable, with Articles 855 through 861. It shall set forth the name, surname, and domicile of the parties; shall contain a short, clear, and concise statement of the object of the demand and of the material facts upon which the cause of action is based; and shall conclude with a prayer for judgment for the relief sought. Relief may be prayed for in the alternative.

. Art. 1911 — The debtor may be put in default in three different ways: by the term [terms] of the contract, by the act of the creditor, or by the operation of law:
1. By the terms of the contract, when it especially provides that the party, failing to comply, shall be deemed to be in default by the mere act of his failure.
2. By the act of the party, when at or after the time stipulated for the performance, he demands that it shall be carried into effect, which demand may be made, either by the commencement of a suit, by a demand in writing, by a protest made by a notary public, or by a verbal requisition made in the presence of two witnesses.
3. By the operation of law. This takes place in cases where the breach of the contract alone is by law declared to be equivalent to a default. The law having declared that the neglect to return a thing loaned for use, at a stipulated time, or the application of it to another use than the one for which it was lent, puts it at the risk of the borrower; this, without any act of the lender, puts the borrower in default, and forms an example of this part of the rule.