449 So.2d 526 (1984)
ASSOCIATES FINANCIAL SERVICES OF AMERICA, INC.
v.
Mario S. ROGELL.
No. 83-CA-642.
Court of Appeal of Louisiana, Fifth Circuit.
March 13, 1984.
Rehearing Denied May 17, 1984.
*527 Gary A. Cotogno, New Orleans, for plaintiff-appellant.
Pat Breeden, New Orleans, for defendant-appellee.
Before BOUTALL, CHEHARDY and DUFRESNE, JJ.
DUFRESNE, Judge.
This is an appeal by Associates Financial Services of America, Inc. (Associates), plaintiff-appellant, from a judgment granting a preliminary injunction enjoining it from proceeding with the seizure and sale by executory process of property owned by Mario S. Rogell, defendant-appellee. Because we agree with the trial court that Associates' petition for executory process failed to allege an essential material fact, i.e. that the note sued upon was in default, we affirm.
On October 5, 1982, Associates filed a petition to have seized and sold by executory process the home of Rogell. The facts alleged were that Rogell had borrowed some $35,000, and mortgaged his home to secure this loan. It was further alleged that Rogell had failed to make certain payments, and that under the terms of the note and mortgage, Associates could accelerate the note and proceed to seizure and sale of the mortgaged property by executory process. The order for executory process was signed by the trial judge that same day.
On January 7, 1983, Rogell filed a petition for an injunction to stop the sale of the property on the grounds that the mortgage was not authentic because it had not been witnessed and notarized in his presence. On January 10, 1983, a temporary restraining order was issued, "effective" to February 10, when a hearing on the issuance of a preliminary injunction was to be held. As a result of that hearing, no transcript of which appears in the record, the trial judge signed a judgment dated March 7, 1983, which purported to dissolve the temporary restraining order of January 10, 1983. That judgment neither granted, denied, nor addressed in any way the preliminary or permanent injunction sought by Rogell.
*528 Associates again took appropriate steps to seize and sell the property, and the sale was fixed for June 15, 1983. On June 14th, Rogell again sought to enjoin the sale, but in this instance on the grounds, inter alia, that Associates had failed to allege in its original petition that the note sued upon was in default. A temporary restraining order was granted, a hearing held, and on June 29, 1983, a judgment was signed preliminarily enjoining Associates and the sheriff of the parish from proceeding with the sale of the property. It is from this judgment that Associates now appeals.
They urge two errors in the trial court proceeding.
1.) The judgment of March 7, 1983, which dissolved the first temporary restraining order was res judicata and this barred issuance of the second temporary restraining order of June 14th, as well as the preliminary injunction of June 27, 1983.
2.) The original petition for executory process did allege that the note was in default, and the trial court's finding to the contrary was error.
As to Associates' argument of res judicata, we reject it because it simply does not address the facts of this case as shown in the record.
It is axiomatic that the principle of res judicata is applicable only where a final judgment has been rendered, Civ.Code Arts. 2286, 3556(31), or in other cases specifically provided by law, cf. Civ.Code Art. 3078. As the present case is not specifically provided for by law, our inquiry is simply whether a final judgment was ever issued on Rogell's January 7, 1983, petition for a preliminary injunction.
The record clearly discloses that the only judgment ever issued in regard to Rogell's first petition was that of March 7, 1983, which purported to dissolve the January 10th temporary restraining order. We say "purported" because that temporary restraining order expired, even by its own questionable 30 day term on February 10th (cf. LSA-C.C.P. Art. 3604).
This judgment cannot form the basis for the exception of res judicata for two reasons. First, because it was moot when rendered in that the temporary restraining order had already expired. Second, even had the temporary restraining order still been in effect, a judgment dissolving a temporary restraining order is interlocutory, and therefore not a final judgment as required by Civ.Code Arts. 2286 and 3556(31) cf. Whalen v. Brinkmann, 258 So.2d 145 (La.App. 1st Cir.1972).
We also point out that the record does not show that Rogell's first petition for preliminary and permanent injunctions because of a defective notarization of the mortgage has ever been ruled on. In this court's opinion, that petition and all allegations raised thereon are still pending in the district court, and we so hold.
As to Associate's second allegation of error, we reject it as well. In May Co., Inc. v. Heirs of Sumage, 347 So.2d 916, 917-18 (La.App. 3rd Cir.1977), the court stated the law applicable here as follows:
Executory process is a harsh remedy, and the party using it must strictly comply with the letter of the law governing this severe remedy. First National Bank of Lafayette v. Gaddis, 250 So.2d 504 (La.App. 3rd Cir.1971), and Slidell Building Supply, Inc. v. I.D.S. Mortgage Corp., 273 So.2d 343 (La.App. 1st Cir.1972).
Article 2637 of the Louisiana code of Civil Procedure (hereinafter the Code) states that the proof of breach of the mortgage need not be submitted in authentic form. It may be proved by verified petition or affidavit. According to Article 2634 of the Code, the petition must be in compliance with Article 891, which states in part:
"Art. 891. Form of petition
.... It shall set forth the name, surname, and domicile of the parties; shall contain a short, clear, and concise statement of the object of the demand and of the material facts upon which the cause of action is based; and shall conclude with a prayer for judgment *529 for the relief sought. Relief may be prayed for in the alternative."
Further, an essential allegation of material fact in a petition for executory process is that the note sued on is in default, May, supra; Chrysler Credit Corp. v. Stout, 404 So.2d 304 (La.App. 3rd Cir. 1981).
Associates' petition alleged the following:

"VIII.
In the act of mortgage, the mortgagor(s) further agreed and stipulated that if the note or any installment thereon be not promptly and fully paid when due or in the event of failure to comply with any of the obligations therein undertaken, or conditions therein set forth, the note should at the option of the holder of the note, at once mature and become due and payable, and authorized the holder of the note to cause the property hereinabove described to be then sold after due process of law under executory or other legal process.
IX.
Defendants paid on said note a total sum of THREE THOUSAND FIVE HUNDRED SIXTEEN AND 68/100 ($3,516.68) DOLLARS leaving a balance of FORTY-NINE THOUSAND TWO HUNDRED EIGHTEEN AND 52/100 ($49,218.52) DOLLARS on said note as of July 23, 1982. However despite amicable demand, defendants have failed to pay the installments subsequent thereto the date of filing this petition.
X.
Petitioner herein exercises its option as the holder and owner of the note in question and declares the balance of the note including principle, interest and attorney's fees due and payable."
In this court's opinion, the above allegations are sufficient to allow Associates to accelerate the note for failure of Rogell to make timely installment payments, which they have done. However, the petition does not sufficiently allege that payment of the accelerated total amount of the loan is now in default, or that it has not been paid. We therefore agree with the trial judge that the petition does not allege a material fact essential to maintaining an action by executory process.
For the foregoing reasons, the judgment of the trial court enjoining the sale of the property at issue by executory process is affirmed, and the case is remanded for further proceedings.
AFFIRMED AND REMANDED.