FRED W. JONES, Jr., Judge.
Plaintiff sued to rescind the sale of an automobile because of redhibitory vices, Defendant’s motion for summary judg *15 ment, asserting the car was sold without warranty, was sustained and plaintiffs suit dismissed. Plaintiff appealed the judgment. For the reasons hereinafter explained, we reverse and remand.
In his suit, the plaintiff Barbour alleged that on August 7, 1985 he bought a 1975 Mercedes automobile from defendant Pit Stop Imports, Inc. in Shreveport for $6000. He further asserted the car motor completely stopped while he was visiting in New Orleans on August 14, 1985 and it was necessary to have the vehicle towed back to Shreveport. Consequently, plaintiff asked for rescission of the contract of sale, restitution of the purchase price and for damages.
Defendant filed an answer of denial and, later, an amended answer pleading the affirmative defense of waiver and/or release of any express or implied warranty. Defendant also filed a Request for Admissions in which it was asserted, in connection with purchase of the Mercedes, plaintiff signed a Buyer’s Guide (copy of which is attached to Request for Admissions) with these large printed words on the first page: “AS IS — NO WARRANTY,” with the further explanation — “YOU WILL PAY ALL COSTS FOR ANY REPAIRS. The dealer assumes no responsibility for any repairs regardless of any oral statements about the vehicle.” The block in front of this printed statement was handmarked with an “X”.
Plaintiff filed an answer to the Request for Admissions, conceding that he had executed the Buyer’s Guide.
Defendant then filed a Motion for Summary Judgment and an affidavit in support thereof, alleging that at the time of the motor vehicle sale the affiant, president of defendant corporation, explained to plaintiff the car was being sold without any warranty whatsoever and the seller would not be responsible for repairing any defects.
Plaintiff filed an affidavit in opposition to the motion for summary judgment, denying that he and the president of defendant corporation ever discussed warranties. Although having admitted executing the Buyer’s Guide, plaintiff denied that, at the time of the sale, it contained any writing indicating that the car was sold “as is”.
In written reasons for judgment, the trial judge concluded that the copy of the Buyer’s Guide in the record was a true copy of that signed by plaintiff. Therefore, since plaintiff had waived warranties, defendant was entitled to summary judgment.
The granting of a motion for summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, admissions on file, together with any affidavits filed, show that there is no genuine issue as to a material fact and that the mover is entitled to judgment as a matter of law. La.C.C.P. Art. 966; Chaisson v. Domingue, 372 So.2d 1225 (La.1979); Employers’ Surplus Line Ins. Co. v. City of Baton Rouge, 362 So.2d 561 (La.1978).
The burden of showing that there is not a genuine issue of material fact in dispute is upon the mover for summary judgment. Any doubt is resolved against the granting of a summary judgment and in favor of a trial on the merits to resolve disputed facts. Chaisson v. Domingue, supra; Andrew Development Corp. v. West Esplanade Corp., 347 So.2d 210 (La.1977).
Summary judgment is not to be used as a substitute for a full trial of a controverted factual issue which is material to the decision of the case. The likelihood that a party will be unable to prove his allegations at trial does not constitute a basis for rendering a summary judgment. Rougeau v. Sears, Roebuck & Co. 383 So.2d 141 (La.App. 3 Cir.1980); LeBlanc v. Landry, 371 So.2d 1276 (La.App. 3 Cir 1979); Hemphill v. Strain, 341 So.2d 1186 (La.App. 1 Cir 1976).
In this case the critical issue is whether plaintiff validly waived any warranties covering the motor vehicle sold to him by defendant. Specifically, the dispute here, based upon the affidavits submitted by the parties, is a factual one — was the block in front of “AS IS — NO WARRANTY” on the Buyer’s Guide marked with an *16 “X” when signed by plaintiff? Defendánt asserts that it was, while plaintiff denies the assertion. Consequently, there remains a genuine issue as to a material fact. For that reason, the trial judge erred in sustaining the motion for summary judgment.
DECREE
Accordingly, the judgment of the district court sustaining the motion for summary judgment is reversed, the motion for summary judgment is overruled, and the case is remanded to the trial court for further proceedings consistent with this opinion. Cost of appeal is assessed to appellee.