BOWES, Judge.
Defendants-appellants Edilia and Francis W. Kolb, Jr. appeal a judgment of the district court denying their request for an injunction enjoining the sale of their property by executory process. We affirm.
On May 14,1987, Pelican Homestead and Savings Association (hereinafter Pelican) filed a petition to seize and have sold by executory process certain immovable property on Airline Highway in Metairie, Louisiana. It was alleged that Edilia and Francis Kolb borrowed $118,000.00 and executed a first mortgage on the Airline property to secure the loan. It was further alleged that Mr. and Mrs. Kolb were in arrears in their monthly payments for more than thirteen weeks, and that, in accordance with the terms of the note and mortgage, the note was past due and, notwithstanding notice of delinquency and acceleration, was unpaid. After the order for seizure and sale was signed by the trial court, Mr. and Mrs. Kolb filed for and obtained a temporary restraining order prohibiting Pelican from further proceedings in the seizure and sale, alleging that Pelican’s petition was insufficient to support an order of exec-utory process. Specifically, the defendants averred that “Pelican has failed to incorporate an essential allegation of material fact in its petition, namely that the notes sued upon are ‘in default’.” On July 23, 1987, a different trial judge denied defendants’ request for a preliminary injunction and, on August 21, 1987, after a hearing, he again denied their request for an injunction. It is from this ruling that defendants have appealed.
Defendants aver on appeal that a creditor seeking to foreclose on property by executory process must specifically allege that the debt or debtor is “in default.” In support of this contention, defendants cite Assoc. Financial Ser. of America v. Rogell, 449 So.2d 526 (La.App. 5 Cir.1984); Chrysler Credit Corp. v. Stout, 404 So.2d 304 (La.App. 3 Cir.1981); and May Co., Inc. v. Heirs of Sumage, 347 So.2d 916 (La.App. 3 Cir.1977).
In May, the petition alleged:
“... That there is a balance due on said note of $2,403.23 with 18% per annum interest from October 7, 1976, to October 7, 1977, and thence with 8% per annum interest from October 7, 1977, until paid
[[Image here]]
... That the said Heirs of Dessie Su-mage have refused to pay the note in spite of amicable demand, and petitioner desires to treat said note as entirely due and exigible ...”
Emphasizing that executory process is a harsh remedy, and the party using it must strictly comply with the letter of the law, the May court found that the quoted allegation was insufficient to satisfy the harsh requirements of the remedy of executory process, and stated that there was no allegation that the obligation sued upon was in default or that it was due.[1] The court found the May Company failed to offer proper proof under the Codal articles dealing with executory process.[2]
In Chrysler, the petition alleged:
*278 Petitioner shows payment(s) due on N/A [which counsel for plaintiff acknowledged was an abbreviated form of “not applicable”] has/have not been paid. This default matured the note in its entirety, as of that date, and the entire balance due, the sum of $4,336.73 is now due and owing, despite amicable demand.
This allegation was also found to be insufficient to support the executory proceeding, because, as the Court stated “one of the requirements of executory process is that plaintiff must allege and prove by a verified petition or affidavit a breach of a condition of the mortgage which matured the obligation.” (Emphasis supplied). The Court then found that there was no allegation in the verified petition of a failure to pay an installment due on the note secured by the mortgage; and since this fact was also not proved by an affidavit submitted therewith, there was no proof of a breach of such condition of the mortgage that matured the obligation sued for.
Finally, in Assoc. Financial Services, the petition alleged:
“VIII.
In the act of mortgage, the mortgagor(s) further agreed and stipulated that if the note or any installment thereon be not promptly and fully paid when due or in the event of failure to comply with any of the obligations therein undertaken, or conditions therein set forth, the note should at the option of the holder of the note, at once mature and become due and payable, and authorized the holder of the note to cause the property hereinabove described to be then sold after due process of law under executory or other legal process.
IX.
Defendants paid on said note a total sum of THREE THOUSAND FIVE HUNDRED SIXTEEN AND 68/100 ($3,516.68) DOLLARS leaving a balance of FORTY-NINE THOUSAND TWO HUNDRED EIGHTEEN AND 52/100 ($49,218.52) DOLLARS on said note as of July 23,1982. However despite amicable demand, defendants have failed to pay the installments subsequent thereto the date of filing this petition.
X.
Petitioner herein exercises its option as the holder and owner of the note in question and declares the balance of the note including principle, interest and attorney’s fees due and payable.”
The Assoc. Financial Services court held as follows:
”... the petition does not sufficiently allege that payment of the accelerated total amount of the loan is now in default, or that it has not been paid. We therefore agree with the trial judge that the petition does not allege a material fact essential to maintaining an action by executory process.”
The pertinent allegations of the petition in the present case are:
XI.
That, the said Edilia Suarez, wife of/and Francis W. Kolb, Jr., are more than thirteen (13) weeks in arrears in their payments, the last payment having been made through October 31, 1986. [emphasis supplied]
XII.
That, in accordance with the terms of the Note and Act of Mortgage, the Note is past due and exigible as to principal, interest, late charges and attorney’s fees *279 and is unpaid, notwithstanding formal notice of delinquency and notice of acceleration, within the time limits set forth in said Act, as outlined in the Authentic Act of Notice of Delinquency and Acceleration attached hereto and made a part hereof as Exhibit C. [emphasis supplied]
XIV.
Now petitioner shows that there is a balance due of ONE HUNDRED SIXTEEN THOUSAND FIVE HUNDRED FORTY-NINE and 03/100 ($116,549.03) DOLLARS, together with interest at the rate of ... until paid, together with late charges and attorney’s fees in the amount of twenty (20%) percent on the whole of said indebtedness.
XV.
That, by the terms of said Act, the defendants waived demand for payment.
We find that these allegations, which are contained in a verified petition, are sufficient to allege and prove a breach of a condition of the mortgage, which matures the obligation. This is simply another way of stating (and proving) that the note is in default.
While we agree with the jurisprudence which requires strict compliance with the law dealing with executory process, we hold that the specific use of the words “in default” is not required. We see no reason to limit the plaintiff to the use of one specific and sacred phrase, or magic words like “in default.” What is indispensable is the proof that a breach of a condition maturing the obligation has occurred. C.C.P. Art. 2637; Bank of Louisiana v. Yolo Corp., 430 So.2d 756 (La.App. 5 Cir.1983). Evidence of such may be proved by a verified petition or affidavits, under C.C. P. Art. 2637.
The present petition does indeed comply with the letter of the law, which permits proof of a breach by verified petition for executory process. Thus we distinguish this case from Associated Financial Services, May and Chrysler, all supra.
Accordingly, the judgment of the district court denying defendants’ request for an injunction is affirmed. Appellants are assessed all costs of these proceedings.
AFFIRMED.

. The 3rd Circuit stated in May, at pp. 918:
Article 2637 of the Louisiana Code of Civil Procedure (hereinafter the Code) states that the proof of breach of the mortgage need not be submitted in authentic form. It may be proved by verified petition or affidavit. According to Article 2634 of the Code, the petition must be in compliance with Article 891, which states in part:
"Art. 891. Form of petition
.... It shall set forth the name, surname, and domicile of the parties; shall contain a short, clear, and concise statement of the object of the demand and of the material facts upon which the cause of action is based; and shall conclude with a prayer for judgment for the relief sought. Relief may be prayed for in the alternative.”
The petition in the instant suit does not satisfy these requirements. Nowhere do we find an allegation that the obligation is in default and that it is due. Therefore, the defendant-in-reconvention has failed to offer the requisite proof of his demand under the Code.

. Louisiana Code of Civil Procedure Article 2634 states:
Art. 2634. Petition
A person seeking to enforce a mortgage or privilege on property in an executory proceeding shall file a petition therefor, praying for the seizure and sale of the property affected by the mortgage or privilege. This petition shall comply with Article 891, and the plain *278 tiff shall submit therewith the exhibits mentioned in Article 2635.
Art. 2637 holds in pertinent part:
A. Evidence as to the proper party defendant, or as to the necessity for appointing an attorney at law to represent an unrepresented defendant, or of any agreement to extend or modify the obligation to pay or of written notification of default, or of the breach or occurrence of a condition of the act of mortgage or privilege maturing the obligation, or of advances made by the holder of a collateral mortgage note or note for future advances, need not be submitted in authentic form. These facts may be proved by the verified petition, or supplemental petition, or by affidavits submitted therewith.