524 So.2d 937 (1988)
SECURITY BANK, Plaintiff-Appellee,
v.
Benton FROST and Oliece Arrant Frost, Defendants-Appellants.
No. 19620-CA.
Court of Appeal of Louisiana, Second Circuit.
May 4, 1988.
Rehearing Denied May 26, 1988.
*938 Smith & Hingle by J. Randolph Smith, Monroe, for defendants-appellants.
McGlinchey, Stafford, Mintz, Cellini & Lang by B. Franklin Martin, III and Rudy J. Cerone, New Orleans, Donald J. Anzelmo, Monroe, for plaintiff-appellee.
Before MARVIN, SEXTON, and JASPER E. JONES, JJ.
MARVIN, Judge.
The defendant debtors appeal a summary judgment in favor of plaintiff bank in this action on a secured promissory note due on demand that recognizes and maintains collateral mortgages securing the note.
Defendants contend that, contrary to their verbal understanding, the bank misapplied funds on deposit which could have been withdrawn to pay the debt; that the interest, which was payable quarterly, was not paid because of the bank's fault; and that, alternatively, the attorney fee of 25 percent (on $576,020.10 plus the accruing interest) is unreasonable. Defendants argue that their primary contentions establish genuine issues of material fact that preclude summary judgment.
We agree with the trial court's conclusion that there are no genuine issues of material fact and affirm summary judgment.
The note, apparently for the purpose of making past due indebtednesses current, was executed on June 23, 1986, for $579,599.39, due on demand, with interest payable quarterly. The bank alleged that the quarterly interest due in September was not paid and that written demand for payment of the note was made on October 2, 1986. Suit was filed October 17, 1986.
After defendants' exception of prematurity was overruled on February 2, 1987, defendants answered, admitting execution of the note and receipt of the October 2, 1986, demand. Defendants' answer asserts that they and the bank understood and agreed that no reduction of the principal of the note would be required of them before six months following the date of the note and that had the bank not misapplied funds they had on deposit, in part, to other indebtednesses, the quarterly interest due in September 1986 could have been paid. In an affidavit opposing summary judgment, defendants essentially make the same assertions except to reduce from six months to "90 days" the alleged minimum time during which they contend the bank could not have demanded payment of the note.
In support of its motion for summary judgment, the bank submitted an affidavit establishing the execution of the note and the demand. Defendants' affidavit opposing summary judgment asserts that the bank had misapplied funds on deposit belonging to them that were more than sufficient to pay interest on the note
"so as to prevent ... default in the payment of interest, [and] ... failed to adequately *939 explain to [defendants] the nature, scope and the amount of any proposed disbursals of the [loan] ... transaction."
Thus defendants do not dispute execution of the demand note or receipt of the demand letter after the first quarterly interest payment was past due.
A cause of action exists on a demand note as of the date of its issue, here June 26, 1986, even if no demand has been made. The filing of the suit constitutes the demand and failure to pay thereafter constitutes a default. LRS 10:3-108; 3-122(1)(b); Bank of Coushatta v. Dry, 408 So.2d 999 (La.App. 2d Cir. 1981). Contrast actions on notes due in installments as discussed in Dry, supra, at p. 1001.
Parol or extrinsic evidence is inadmissible to show a prior or contemporaneous agreement that a note in the ordinary form providing for the payment of a certain sum of money, may, or should be, paid or discharged in some other mode or manner, or in some other medium, than that specified on the face of the instrument. Cowley Corp. v. Shreveport Packing Co., 440 So.2d 1345 (La.App. 2d Cir.1983). The debtor there was not permitted to claim by parol or extrinsic evidence that the parties intended from the outset that untimely payments would not incur additional interest. Defendants here do not assert that their alleged understanding with the bank was a subsequent and valid oral agreement contemplated by CC Art. 1848.
The granting of a motion for summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, admissions on file, together with any affidavits filed, show that there is no genuine issue as to a material fact and the mover is entitled to judgment as a matter of law. Barbour v. Pit Stop Imports, Inc., 507 So.2d 14 (La.App. 2d Cir.1987).
Even should we assume arguendo that the assertions of defendant would be admissible to vary the terms of the written demand note, we do not find any genuine issues of material fact. Under defendants' assertions, the demand note was due at least when demand was made after the first quarterly interest payment became past due.
Defendants assert that their agreement with the bank was that "no principal reduction in the loan would be required at least during the first 90 days following execution..." The bank did not demand the note until that 90-day period had expired. Cases such as American Bank & Trust v. Sunbelt Environmental, 451 So.2d 1111 (La.App. 1st Cir.1984), denying summary judgment where the defense was want of consideration, are inapposite to the material factual circumstances here admitted. See Dry, cited supra.
We do not address defendants' complaint that the trial court improperly considered and applied LRS 6:316 in its reasons for judgment. The judge only discussed, but did not apply, the statute. The appeal is from the trial court's judgment. CCrP Art. 2082-2083.
We shall affirm the summary judgment except insofar as it awards 25 percent attorney fees. After discussion of the pertinent authority in Scott v. Noel, 506 So.2d 1313 (La.App. 2d Cir.1987), we reduced an award of attorney fees on a judgment of over $65,000 plus 1-½ percent monthly interest from 25 percent to 15 percent. There the suit was on an unsecured contract and it was agreed that the attorney was entitled to a "substantial" fee in what the trial court called complex litigation. Here we are unable to take note of the services rendered and to be rendered by the bank's attorneys with respect to proceedings which logically may hereafter follow to foreclose on the property which was collaterally mortgaged to secure the indebtedness. Plaintiff's attorneys suggest either $7,500 as a minimal fee or a remand.
In the interest of justice we shall amend to delete the 25 percent attorney fees award at this juncture. We remand with full reservation of the bank's right to prove attorney fees that are reasonable in amount under all circumstances and that comply with the factors stated in Noel, supra, before the secured property is advertised *940 to be adjudicated at a foreclosure sale.

DECREE
Accordingly, the judgment is amended to delete the award of attorney fees of 25 percent at this juncture, with full reservation to plaintiff and its attorney to prove, by summary process, an attorney fee reasonable in amount before the property secured by collateral mortgages is advertised to be adjudicated at a foreclosure sale. Otherwise, the summary judgment, in all respects, and at defendants' cost, is affirmed.
AMENDED, AFFIRMED, AND REMANDED.

ON APPLICATION FOR REHEARING
Before HALL, MARVIN, JASPER E. JONES, FRED W. JONES and SEXTON, JJ.
Rehearing denied.