GAUDIN, Judge.
The First National Bank of Commerce petitioned for a deficiency judgment subsequent to the seizure and sale of mortgaged real property. The pleading was found lacking and the bank’s claims were denied.
On appeal, the bank contends that its deficiency judgment petition was sufficiently worded and that the trial judge’s reliance on Assoc. Financial Ser. of America v. Rogell, 449 So.2d 526 (La.App. 5th Cir.1984), was inappropriate.
For the following reasons, we reverse and remand for further proceedings consistent with this opinion.
Prior to trial in the 24th Judicial District Court, the bank and Mr. and Mrs. Vincent Saltaformaggio stipulated:
(1) that the Saltaformaggios signed the note and mortgage,
(2) that the balance sought in the petition for deficiency judgment was true and correct,
(3) that all requirements of authentic evidence were complied with,
(4) that the real estate was sold after appraisement for more than 2/3rds of its appraised value and
(5) that attorney fees would be fixed at 12.5 per cent in event the bank ultimately prevails in this lawsuit.
In assigned “Reasons for Judgment,” the trial judge stated:
"... executory process is a harsh remedy and that the party using it must strictly comply with the letter of the law governing this severe remedy.” Assoc. Financial Ser. of America v. Rogell, [Rogell v. Assoc. Financial Ser. of America ] 449 So.2d 529 (La.App. 5 Cir 1984) citing by quotation May Co., Inc. v. Heirs of Summage, 347 So.2d 916, 917-918 (La.App. 3d Cir.1971), [1977] and that the material facts upon which the cause of action is based is one of the requisite letters of the law.
“Furthermore, the Court held in Rogell, supra, that the defendants’ default, not on payments of principal and/or interest but on the entire accelerated post-default amount is one of the essential material facts which must be alleged. Rogell, supra, at 529.
“It is the finding of the Court that the allegation of petitioner herein are insufficient to meet the requirements mandated by the Fifth Circuit in the Rogell case and that the petition for deficiency judgment must be denied with judgment for the defendants.”
In Rogell, an executory process action was dismissed because the plaintiff mortgage-holder failed to allege a material fact i.e., that the promissory note sued on was in default. The Rogell plainiff asked for executory process, a harsh remedy. A petition for a deficiency is equally severe because the property-owner has already lost the thing pledged and now the mortgage-holder seeks additional funds. However, what is material in a petition for executory process may not always be material in a petition for a deficiency judgment.
In the instant case, the bank’s petition for a deficiency judgment alleged:
“Petitioner is the holder and owner of the promissory note in the sum of $49,-590.78 dated September 14, 1983, and executed by the defendants) Ann Meliss Lud-man wife of/and Vincent Saltaformaggio, and attached to the original petition in the captioned matter filed on November 6, 1985.
“The note is payable to petitioner in 36 consecutive monthly installments of *1372 $564.67 each, commencing on October 14, 1983 and bears interest at the rate of 15% per annum from date of judicial demand, until, September 14, 1987 then at the rate of 8% per annum until paid, with 25% attorney fees on the principal and interest and for all costs.
“The defendants) failed to pay the monthly installment due on, August 14, 1985 and under the accelaration clause of this note, the entire .unpaid principal balance of $37,597.10 then became due and exigible with interest and attorney's fees.
“This note was secured by a mortgage on real estate on property located in the Third District of New Orleans, in Square No. 1519, Lot. No. 2 and located at 2601 Bayou Road and 1501 North Broad Street and on November 6, 1985, petitioner obtained a writ of seizure and sale under authority, of which the Sheriff seized the mortgage property.
“After appraisal on, March 20, 1986, the mortgaged property was adjudicated to petitioner on March 20,1986 by the Sheriff at public auction, all in accordance with the law. As will appear from the Sheriffs return, on the writ of seizure and sale in the captioned proceedings. The total costs due the Clerk of Court and the Sheriff for seizing, storing, and advertising its sale at public auction and for the Sheriffs commission amounted to $1816.03.
“The defendants) are entitled to a credit on the amount of their note in the sum of $37,597.10, from the above described sale, leaving the remaining balance due and owing.”
Paragraph 3 states that when the August 4, 1985 installment was not paid, “... the entire unpaid principal balance of $37,-597.10 then became due and exigible with interest and attorney fees.” This paragraph does not say, as the trial judge noted, that the unpaid principal and accelerated balance was due but it did clearly spell out the total amount due when the executory process petition was filed. The principal amount due was only $564.67, the amount of the unpaid August installment.
In any event, the deficiency petition, by its language and reference, makes demand for the “remaining balance due and owing,” that is, interest and attorney fees and possibly the Clerk of Court’s fee after giving the Saltaformaggios credit for the $37,-597.10 obtained from the forced sale. The deficiency judgment pleading alleged all material facts necessary to obtain a deficiency decree although not precisely saying, in paragraph 3, that the original unpaid and due balance of $37,597.10 included both principal and accelerated amounts.
We find here, unlike in Rogell, that all facts material and required in a deficiency judgment pleading were alleged. Accordingly, we set aside the district court judgment of June 15, 1987. This case is remanded for further proceedings with appel-lees to bear costs.
REVERSED AND REMANDED.